## CONWAY *vs.* STARKWEATHER, survivor, &c.

Where a tenant under a demise for a year or more holds over after the end of the
 term without any new agreement with the landlord, he may at the election of the
 landlord be treated either as a trespasser or a tenant holding upon the terms of
 the original lease. · Distraining for rent payable after the expiration of the original
 term, is an election by the landlord to consider him a tenant.

The tenant has no such election, and after holding over, is not at liberty to deny
 that he is in as tenant, if the landlord chooses to hold him to that relation.

Where the tenant, before the expiration of his term, communicated to the landlord
 his determination not to keep the premises another year, but nevertheless remain-
 ed in possession a fortnight after the expiration of the term, held that such con-
 tinuance in possession, notwithstanding what had taken place, enabled the land-
 lord to treat him as a tenant.

Rent payable in advance, at the commencement of each quarter, may be distrained
 for after the same, by the terms of the demise, has become payable.

ERROR to the recorder's court of Buffalo. Conway brought
replevin against Starkweather and Brown in the court below;
and the case was this: In April, 1838, the defendants Stark-
weather and Brown, by a written lease, demised a house in
Buffalo to the plaintiff Conway for the term of one year from
the first day of May following, at the annual rent of $300, pay-
able quarterly in advance. The plaintiff entered and held un-
der the lease. In April, 1839, the parties, by a writing endorsed
on the lease, continued the term for one year longer; and in
April, 1840, they, by a like agreement, continued the lease for
the term of two years from the first day of May then next; and
they further agreed, that if the defendants should not require
the premises for the purpose of building thereon, the plaintiff
should have the preference over any other applicant for a fur-
ther lease for one year or longer, " upon terms which may then
be agreed upon." The term for which the last renewal was
made expired on the first day of May, 1842. The plaintiff
continued to hold and occupy the premises until the 14th day
of that month, when he removed his goods from the building;
and on the same day the defendants distrained for $75, a quar-
ter's rent; and the plaintiff brought this action of replevin.

The plaintiff offered to prove that "in the latter part of April, and before the first day of May, 1842," the defendant Brown requested one Morehead to call on the plaintiff, and see if he would not continue to hold the house another year; and he directed Morehead to tell the plaintiff that if he would stay in the house another year, the defendants would reduce the rent to $250; that Morehead called on the plaintiff, who declined the proposition, because he had hired a building of Judge Bennett. After this answer had been communicated to Brown, he requested Morehead to call again on the plaintiff and say to him, that in addition to reducing the rent to $250, the plaintiff might expend fifty dollars of the rent on the premises: that Morehead made the communication, and the plaintiff again refused to take the house upon any terms, because he had hired a house of Judge Bennett. This refusal was also communicated to Brown. The defendants objected to this evidence, unless it was proposed to follow it up by evidence showing some new agreement. The recorder rejected the evidence, and the plaintiff excepted. Under the charge of the recorder, the jury found a verdict for the defendants, and judgment having been perfected in their favor, the plaintiff now brings error.

*M. Fillmore*, for the plaintiff in error, cited *Abeel* v. *Radcliff*, (15 *John.* 505;) *Rowan* v. *Lytle*, (11 *Wend.* 616.)

*J. L. Talcott*, for the defendants in error, cited *Doe* v. *Bell*, (5 *T. R.* 471;) *Sherwood* v. *Phillips*, (13 *Wend.* 479;) *Bradley* v. *Covel*, (4 *Cowen*, 349;) *Comyn's Land. and Ten.* 354.)

*By the Court*, BRONSON, Ch. J. When a tenant under a demise for a year or more, holds over after the end of his term, without any new agreement with the landlord, he may be treated as a tenant from year to year, and in all other respects as holding upon the terms of the original lease. The landlord has an election to treat him either as a trespasser, or as a tenant. He will be a trespasser if the landlord brings ejectment, or resorts to summary proceedings under the statute to recover the pos-

session. He will be a tenant if the landlord either receives or distrains for rent accruing after the end of the original term. There are also other ways in which the landlord may signify his assent to the tenancy; and when he neither says nor does any thing, his acquiescence in the tenancy may, perhaps, be inferred from the mere lapse of time. (*Rowan* v. *Lytle,* 11 *Wendell,* 616.) There is, however, no occasion for considering that point in this case; for the landlords have unequivocally affirmed the tenancy by distraining for rent.

The tenant has no such election as that which belongs to the landlord. If he holds over, though for a very short period, without any unequivocal act at the time to give his holding the character of a trespass, he is not afterwards at liberty to deny that he is in as a tenant, if the landlord chooses to hold him to that relation. If the tenant may hold over for two weeks and then say he is not a tenant, I see no reason why he may not give the same answer after holding over as many months or years.

The plaintiff's counsel regards the holding over as only presumptive evidence of the continuance of the tenancy, which would have been sufficiently rebutted by the offered proof that the plaintiff, before his term ended, refused to keep the property another year, even at a reduced rent. But such are not my views. I do not think this a case for balancing presumptions: but one where the act of the plaintiff in holding over has given the defendants a legal right to treat him as tenant; and that it is not in his power to throw off that character, however onerous it may be. The counsel relied much upon the case of *Abeel* v. *Radcliff,* (15 *John.* 505.) The question there was, whether the landlord was concluded by the terms of the orignal lease as to the amount of the rent; and under very special circumstances, and by a divided court, it was held that he was not. The case has very little bearing upon the question under consideration.

We think the offered evidence was properly rejected. The defendants had a clear right to charge the plaintiff as tenant, holding according to the terms of the original lease. By those

terms, the rent was payable quarterly in advance; and there was consequently a right to distrain, although the first quarter had not expired.

Judgment affirmed.