EDMOND FOUGERA, Respondent, *v.* ISIDOR COHN
and Others, Appellants.

*Tenancy from year to year — when implied from entering under a lease
imperfectly executed.*

A lease, designed to embody the terms of a tenancy to be created between the
parties to continue for a term of two years and five months from March 1, 1884,
at a yearly rent of $3,000, was drawn but was not properly executed. At the time
specified in the lease the defendants entered into possession of the premises and
occupied the same, paying rent, as provided therein, until August, 1885, when
they removed from the premises and desired to make a surrender of them to
the plaintiff, which he refused to accept.

*Held*, that the law would infer an intention to create a tenancy from year to year,
upon the terms specified in the lease, terminable at the expiration of any year,
by giving a proper and sufficient notice.

That as the defendants had failed to terminate their tenancy upon the expiration
of the first year of their holding, the plaintiff was entitled to maintain an action
for use and occupation and to recover the rent for the ensuing year.

APPEAL by the defendants from a judgment against them entered
upon a verdict in favor of the plaintiff, directed by the court at the
Kings County Circuit.

*Simpson & Warner*, for the appellants.

*Carpenter & Roderick*, for the respondent.

DYKMAN, J.:

This action is brought to recover compensation for the use and
occupation of certain premises in the city of Brooklyn. There was
a lease drawn which was designed to embody the terms of the
tenancy of the defendants, and which prescribed a term of two years
and five months to commence on the 1st day of March, 1884, and
terminate on the 1st day of August, 1886, at a yearly rent of $3,000,
payable monthly, but it was not properly executed. The defend-
ants entered into possession of the premises at the time specified in
the lease, and occupied the same until the 1st day August, 1885,
one year and five months, and paid the rent reserved in the lease
down to that time. They then removed from the premises and left
them vacant, and desired to make a surrender of them to the plain-

tiff, which he refused to accept, and brought this action for the use and occupation of the premises for five·months, ending on the 31st day of December, 1885.

Both parties proceed upon the assumption of the invalidity of the lease, and with that concession the defendants seek to limit their liability to actual occupation only, and as they have paid for all of that, they resist the demand made against them in this action. The existence of the conventional relation of landlord and tenant is essential to the maintenance of an action for use and occupation. (*Preston* v. *Hawley*, 101 N. Y., 588.) Yet while this is a funda-mental principle of·law, neither a written instrument nor an express agreement are indispensable requisites to the formation of that relation. The requirement of the rule may be satisfied by proof of facts and circumstances sufficient to justify an inference that the parties intended to assume that relation. (*Benjamin* v. *Benjamin*, 5 N. Y., 383.)

In this case a tenancy was created by the entry of the defendants and the payment of rent in pursuance of the terms of the lease, although it had no legal inception as a valid instrument between them. Further, in view of all the circumstances surrounding this case, the law infers an intention of these parties to create a tenancy upon the terms specified in the lease, from year to year. The defendants were thus clothed with·the right to terminate the tenancy at the expiration of any year by giving a proper and sufficient notice. (*Laughran* v. *Smith*, 75 N. Y., 209; *Reeder* v. *Sayre*, 70 id., 180.) But as the defendants failed to terminate their tenancy at the expiration of the first year of their holding, the law for that omission implies against them a further contract to renew the tenancy for another year upon the same terms as the year preceding. (*Conway* v. *Starkweather*, 1 Denio, 113; *Schuyler* v. *Smith*, 51 N. Y., 309; *Laughran* v. *Smith*, 75 id., 210.)

There seems to be no escape from liability for the defendants in this action. Their entry upon the premises was in pursuance of an express agreement, and both parties contemplated a yearly tenancy. The defendants occupied for more than a year, and paid rent in accord-ance with the trems of the lease that was written, although void. Continuing their occupation after the end of the first year of their tenancy, the defendants became bound for the rent for another

year, and could not escape that liability by an abandonment of the premises.

The judgment should be affirmed with costs.

BARNARD, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs.