Goldfogle, J.
In February, 1887, the plaintiff let to the defendant the store floor of the house No. 72 Mott street, for the term of one year, from May 1, 1887, at the *306 annual rent of five hundred and forty dollars,' payable in equal monthly payments in advance. The defendant sublet the premises to one O’Brien, and on February 13, 1888, wrote to the plaintiff, stating that they regretted that the store had been quite a loss to them, inasmuch as their tenant had not been able to pay any rent, and, therefore, could not afford to renew the lease on like terms as theretofore. The plaintiff soon thereafter put a bill upon the premises “ To Let,” which he removed, however, on May 1, 1888, not having let the premises in the meantime. The store remained locked, the keys were not delivered up to the plaintiff, and the fixtures of the under-tenant, upon which the defendant had a mortgage, remained upon the premises. The plaintiff finding the premises locked, with the property of the under-tenant remaining therein, took no proceedings to dispossess his tenant, but in June, 1888, brought this action to recover rent for the months of May and June, on the alleged ground that there was an implied hiring for another term.
A careful examination of the authorities bearing upon the subject has led me to the conclusion that the plaintiff has the right to recover. The law is well settled that where a tenant for one or more years holds over after the expiration of his term, the landlord has the option to treat him as a trespasser or as a tenant for another year upon the terms of the prior lease, so far as applicable. The right of the landlord to elect to continue the tenancy is unaffected by the fact that the tenant refused to renew the lease or give notice that he did not intend to occupy the premises for another term (Conway v. Starkweather, 1 Denio, 113; Schuyler v. Smith, 51 N. Y. 309 ; Dorr v. Barney, 12 Hun, 259.) Hence, if upon the facts found to exist in. this case, the holding over can be considered that of the defendant, the notice conveyed by the defendant’s letter of February 13, is unavailing as a defense.
The defendant claimed that it ceased to do business with O’Brien, who was one of its customers, on April 28, and *307 that it was not a party to the retention of the goods npon the premises, or to the continuance of O’Brien’s possession. In other words, that the defendant is not responsible for the act of O’Brien in locking the premises or in keeping his fixtures therein. I can find no case reported in this State where the question arising in this case directly came up, but the point seems to have been presented in Bacon v. Brown (9 Conn. 334), and the court there held that if a tenant under a lease for a year holds over after the expiration of it, either personally or by tenants placed there by him, he is responsible to his landlord as upon a hiring for another year. Taylor, in his able treatise on landlord and tenant, says, “ If he (the tenant) has let the whole or any-part of the premises to an under-tenant, who is in possession at the termination of the lease, he must get him out; otherwise lie will not be in- a situation to render that complete possession to which the landlord is entitled, and unless the entire possession is delivered up, the tenant’s responsibility for rent will continue, although it may have become impossible for him'to give the landlord full possession, in consequence of the obstinacy or ill will of an under-tenant and who refuses to quit; for in such case the landlord may refuse to accept possession, and hold the original tenant liable ” (Taylor• on Landlord and Tenant, § 524). Chief-Justice MoAdam, in his work on landlord and tenant, lays down the rule that “If there be an under-tenant in possession, to whom the tenant has let the whole or part of the demised premises, the tenant must get the under-tenant out, or the possession of the under-tenant will be regarded as the possession of the tenant, and the latter will be liable for the consequences; in such case the landlord may remove the under-tenant so holding over, by summary proceedings against the tenant, making the under-tenant a party, or the landlord may at his option, treat the overholding by the under-tenant as implying a new hiring by the tenant upon the terms and condition specified in the former lease” (MeAdam on Landlord and Tenant, § 259) ; and the learned *308 author cites Bacon v. Brown, infra, and Harding v. Ore-thorn, 1 Esp. 57, in support of the rule.
The application of the rule above stated may, in this instance, be a harsh one, hut the rule itself is founded in reason, and in my opinion rests upon sound principles. It is within the power of a tenant to sublet his premises to whomsoever he pleases, but he should be held answerable for the consequences that may follow from the acts of the person he places in the possession of the property of the lessor. If the undertenant wrongfully holds over, his immediate landlord may at once institute summary proceedings for his removal-It is possible that if such proceedings were diligently conducted, and possession yielded up in consequence to the-original lessor, the latter’s tenant may be absolved from the-liability he would otherwise be under, although I am not prepared to say that even this would be a defense. But the-tenant canno't place a third person in possession during the-demised term, and then passively permit a continuance of that possession, without being liable for the consequences of the holding over. The original landlord must^look to his-tenant, and has a right to insist upon full possession being-yielded up to him immediately on the expiration of the term. Surely, the tenant cannot be permitted to say, you rented the-premises to me and I sublet them or assigned my lease to-such persons as I saw fit, but when my term expired I paid no further attention to the premises and you must look to-those I enabled to go into possession for the rent or the value of the use and occupation. Where the under-tenant holds over, the tenant has the same remedy against him as the original lessor has against his lessee. If the under-tenant be irresponsible, that is the misfortune of the tenant, for. he ought to have known with whom he dealt when he permitted the former to enter into possession. At any rate he undertook'all the risks incident to the letting. The tenant may bean innocent party, but it was he to whom possession was' entrusted—it was he who agreed to surrender the premises at the end of the term—it was he who reaped the fruit of *309 the subletting and he must bear its burdens. If his confidence in his tenant has been misplaced he must suffer ,the results. To hold otherwise would, it seems to me, be to open the door to abuse and fraud on the part of the tenants, who, though amply responsible themselves, could evade liability for a wrongful holding over by an insolvent under-tenant or assignee not recognized or even known to the original lessor. The rule above stated is in consonance with the legal principle that where one of two innocent persons must suffer by •acts of a third, he who has enabled such third person to occasion the loss must sustain it (Rawls v. Deshler, 4 Abb. Ct. App. Dec. 12 ; Spraights v. Hawley, 39 N. Y. 441):
I therefore conclude that the possession of O’Brien must be regarded as the possession of the defendant, that the latter is legally chargeable for the act of O’Brien in holding over after the term had expired, and is liable to respond to the plaintiff for the period sued for at the rate specified in the original lease.
Judgment accordingly.
Note on the Effect of Holding Over on the Relation of Landlord and Tenant.

Bight of landlord where there is a holding over.

In Conway v. Starkweather, 1 Denio, 113, wherein it was held that a landlord could distrain for rent accruing after a holding over by the tenant, the court say: “Where a tenant under a demise for a year or more, holds over after the end of his term, without any new agreement with the landlord, he may be treated as a tenant from year to year, and in all other respects as holding upon the terms of the original lease. The landlord has an election to treat him either as a trespasser, or as a tenant. He will be a trespasser if the landlord brings ejectment or resorts to summary proceedings under the statute to recover the possession. He will be a tenant if the landlord either receives or distrains’ for rent accruing after the end of the original term.....
“ The tenant has no such election as that which belongs to the landlord. If he holds over, though for a very short period without any unequivocal act at the time to give his holding the character of a trespass, he is not afterwards at liberty to deny that he is in as a tenant, if the landlord chooses to hold him to' that relation. If the tenant may *310 hold over for tw.o weeks, and then say he is not a tenant, I see no reason-why he may not give the same answer after holding over as many months or years.”
2. If a tenant for one or more years holds over after the expiration of his term, the owner of the premises may treat him either as a trespasser or as a tenant for another year, upon the terms of the prior lease, so far as applicable; and the right of the lessor to elect to continue the tenancy is not affected by the fact that the tenant has refused to renew the lease, and has given the lessor notice that he has hired other premises. Schuyler v. Smith, 51 N. Y. 309.
As to implied contract by tenant holding over, the case of Schuyler v. Smith (above cited) is opposed in Worthington v. Globe Rolling Mill, 9 Am. L. Rec. 693; s. c., 6 Cinn. Weekly L. Bul. 235.
3. The rule in Schuyler v. 'Smith (above cited) as to the landlord’s option to treat the tenant holding over as a trespasser or as a tenant,— followed in Smith v. Allt, 4 Abb. N. C. 205; s. c., 7 Daly, 492.
4. The right of the landlord to elect to regard a tenant holding over either as a trespasser or a tenant rests on the tenant’s breach of contract in so holding over, and not on his intention or motive in such breach. When, however, the question arises as to whether the landlord has elected to hold his tenant as tenant, then the length of time during which the tenant has been allowed to remain in possession without molestation, is one fact from which an election to hold him as tenant may be inferred. Witt v. Mayor of N. Y., 6 Robt. 441; an action for rent on the ground of implied renewal for another year.
Notice of intent to remove, given without reference to quarterly or other periods, is not equivalent to notice of intent to terminate tenancy. lb.
5. Where parties entered premises on May 1, under a void parol lease for more than a year,—Held, that the circumstances showed that a yearly tenancy was intended, although rent was paid monthly; they therefore-became tenants from year to year with the right to end their t unancy on notice on April 30. But if they retained possession after May 1, in any year, they became bound for the year ensuing, and could not terminate their liability by abandoning possession before the expiration of the year. Laughran v. Smith, 75 N. Y. 205 ; aff'g 11 Hun, 311.
See, also, that occupation under an agreement void by the statute of frauds becomes a tenancy from year to year,—Reeder v. Sayre, 70 N. Y 180; aff’g 6 Hun, 562; Taggard v. Roosevelt, 2 E. D. Smith, 100.
6. A tenant from year to year, who continues to occupy a portion of *311 his leasehold with his building and brick, it being a brick-yard, may be treated by his landlord as a tenant for another year, although there may have been some intimation or notification that the tenant did not intend to occupy the premises another year. Dorr ®. Barney, 12 Hun, 259. ■
7. Where a tenant holds over after the expiration of the term provided for in his lease, without any new agreement being made, there is an implied renewal upon the terms contained therein. [Citing Schuyler v. Smith, 51 N. Y. 309; Laughran v. Smith, 75 Id. 210.] Elwood v. Forkel, 35 Hun, 202.

Effect of notice on the relation.

1. The relation of landlord and tenant being once established, continues until severed by agreement of the parties, or some act or proceeding sufficient in law. The service of a notice by the landlord to pay rent or deliver possession does not have that effect. Ackley v. Westervelt, 10 Weekly Dig. 391.
2. A tenant of a farm on shares had, before the expiration of the year, given the owner notice to terminate their relation at the end of the year, which was accepted.—Held, that he could not thereafter insist that he was a tenant from year to year and entitled to notice to quit, Merritt v. Merritt, Abst. Abbott's Ann. Dig. 1887, p. 225.

When one in possession is a trespasser.

1. One who acquires possession of land with the consent of the owner, under an understanding that the owner should execute a lease of it to him, but refuses to accept a lease, and afterwards omits to comply with the owner’s demand for a surrender of the premises, becomes a trespasser. Welch v. Winterburn, 25 Hun, 437.
2. Tenant holding over after determination of particular estate,— Held, a trespasser. Griffin v. Porter, 3 Alb. L. J. 51.