(5 Misc. Rep. 265.)

### HALL STEAM-POWER CO. v. CAMPBELL PRINTING PRESS & MANUF'G CO.

(Superior Court of New York City, Jury Term. October, 1893.)

LANDLORD AND TENANT—HOLDING OVER—LIABILITY FOR RENT
 Where a tenant of a lessee holds over after the end of the lease, such holding over operates as an enlargement of the original lease, and the lessee is liable for rent in the same manner as if he had remained personally in possession.

Action by the Hall Steam-Power Company against the Campbell Printing Press & Manufacturing Company. The court directed a verdict in favor of plaintiff, and defendant moves for a new trial on the minutes. Denied.

Chas. De Hart Brower, for the motion.
Samuel Keeler, opposed.

McADAM, J. The pleadings admit that on October 1, 1891, the defendant hired from the plaintiff the fifth floor of Nos. 220 and 222 William street, for one month, at the rate of $150, payable in advance, and the proofs show that defendant failed to quit and surrender the premises on the 1st of November, 1891. The plaintiff recovered possession December 2, 1891, and the action is to recover the rent for November, 1891, on the theory of a wrongful holding over, in which the landlord is entitled to treat the wrongdoer as a tenant under the terms of the original demise, and he is not at liberty to deny that he is in as tenant. Schuyler v. Smith, 51 N. Y. 309; Commissioners v. Clark, 33 N. Y. 251; Mack v. Burt, 5 Hun, 28; Dorr v. Barney, 12 Hun, 263; Elwood v. Forkel, 35 Hun, 202; Witt v. Mayor, 5 Rob. (N. Y.) 248; Id., 6 Rob. (N. Y.) 441; Hunt v. Wolfe, 2 Daly, 298; Shanahan v. Shanahan, 55 N. Y. Super. Ct. 339; Conway v. Starkweather, 1 Denio, 113; Sedg. & W. Tr. Tit. Land, § 380. The defendant claims that it was never in possession of the premises, and could not, therefore, hold over therein, but the proofs show that one Clinton was in possession prior to the hiring, that he remained in possession during October as the tenant of the defendant, paying it rent therefor, and that, while in, Clinton made

some transfer to one Woods. It also appeared that the defendant had a mortgage on Clinton's property, which it sold to Damon & Peates, and that they subsequently sold the property at auction. The premises were actually occupied by Clinton, Woods, or by Damon & Peates, all tenants, or assignees of tenants, of the defendant during the entire tenancy, and until the plaintiff resumed possession, on December 2, 1891. The defendant attempted to show a hiring by Damon & Peates from the plaintiff on November 8, 1891, but signally failed in the effort. The established facts clearly show that the defendant, by its tenants, or persons placed there by and in privity with it, actually occupied the premises until December 2, 1891, and prevented the plaintiff from gaining possession thereof until that time. Damon & Peates negotiated for but never came to any mutual agreement with the plaintiff as to a hiring, and the latter never accepted any person other than the defendant as its tenant, and never in any way relinquished its claim upon it for the rent. The defendant's liability was clearly made out. The rule is settled that a tenant is bound to deliver up to his landlord absolute possession of the premises demised at the expiration of his term, and is responsible to the landlord where his undertenant holds over, in the same manner as if he had remained personally in possession. Carter v. Hammett, 18 Barb. 608; Bacon v. Brown, 9 Conn. 334; Bull v. Sibbs, 8 Term R. 327; Harding v. Crethorn, 1 Esp. 57; Brewer v. Knapp, 1 Pick. 332, 336; Dimock v. Van Bergen, 12 Allen, 552; Henderson v. Squire, 19 Law T. (N. S.) 601; Lubetkin v. Brewing Co., (Dist. N. Y.) 4 N. Y. Supp. 195; Moffatt v. Smith, 4 N. Y. 126; Haynes v. Aldrich, 133 N. Y. 287, 31 N. E. Rep. 94. The entire period during which the defendant or its undertenants held over is treated in law as an enlargement of the original term of the letting. People v. Paulding, 22 Hun, 91. Where the underletting is by the express consent of the landlord, and the undertenants are there by his permission, a different rule may obtain, but that is not this case. The action was tried as one for rent, and not for mesne profits, and the defendant's citations are inapplicable. Both sides, by requesting the direction of a verdict, properly assumed that there was no question of fact for the jury. Provost v. McEncroe, 102 N. Y. 650, 5 N. E. Rep. 795; Dillingham v. Flack, (Sup.) 17 N. Y. Supp. 879; 26 Abb. N. C. 477, 482, note. The direction in favor of the plaintiff was right, and the motion for a new trial must be denied.