(23 Misc. Rep. 116.)

GOLDBERG et al. v. MITTLER et al.

(Supreme Court, Appellate Term.  March 30, 1898.)

1. TENANT HOLDING OVER—ELECTION BY LANDLORD.
   Where a tenant for a year holds over, the landlord is thereby put to his election to either accept him as a tenant for a new term, or treat him as a trespasser, but he cannot do both.

2. SAME.
   The defendant, a tenant under a written lease for one year, expiring on May 1, 1897, at a rental payable monthly in advance, held over and occupied the premises until May 3d, when he removed.  On May 18th the landlord leased the premises to another tenant for a term to commence June 1, 1897, and to continue until May 1, 1898, and permitted him to take possession in May.  *Held*, in an action against defendant to recover the rent for May, on the ground that by holding over he had become a tenant for another year, that the act of the landlord in making the new lease to another was conclusive evidence of an election on his part not to treat the defendant as tenant for another year, and that the latter was a mere trespasser for the time he actually occupied the property.

Appeal from Fourth district court.

Action by Morris Goldberg and another against Henry Mittler and another.  From a judgment for plaintiffs, defendants appeal.  Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Max D. Steuer and A. S. Levy, for appellants.
Charles L. Cohn, for respondents.

BEEKMAN, P. J.  It is undisputed that the appellants had a written lease of the premises in question for a term of one year, expiring on the 1st day of May, 1897, at a rental payable monthly in advance. It is also conceded that they held over and used and occupied the premises until the 3d day of May, 1897.  They had previously notified the landlords of their intention not to remain after the expiration of their lease, and a notice, "To Let," had accordingly been placed upon the premises by the respondents about a month before the expiration of the term.  It further appears, beyond dispute, that on the 18th day of May, 1897, a written lease of the premises in question was made and entered into between the respondents and one Ernest Lesser, which was, however, to commence on the 1st day of June, and to continue until the 1st day of May, 1898.  The new tenant, however, was permitted by the respondents to take possession of the premises in the month of May.  The original lease to the appellants did not contain any provision permitting the landlords to let the premises on their account in any contingency.  This action was brought for the purpose of recovering rent for the month of May, 1897, upon the ground that the appellants, having continued in possession after the expiration of their lease, became tenants of the premises on the same terms for the ensuing year.

The law is well settled that, when a tenant under a demise for a year or more holds over after the end of his term without any new agreement with the landlord, he may be treated as a tenant from

year to year, and in all other respects as holding upon the terms of the original lease. The landlord has an election to treat him either as a trespasser or as a tenant, and it is for the former to determine how he will regard him. The tenant, however, has no such election. Conway v. Starkweather, 1 Denio, 113. The doctrine laid down in this case has been approved in the case of Schuyler v. Smith, 51 N. Y. 309. At page 315 in the case cited, the court says:

"The safe and just rule I believe to be the one established by authority,—that a tenant holds over the term at his peril, and the owner of the premises may treat him as a trespasser, or as a tenant for another year upon the terms of the prior lease, so far as applicable."

The case of Conway v. Starkweather, supra, is referred to with approval; the court stating (page 316) that it seems to have been well considered, and has stood unquestioned for more than 25 years. In the case of Rosenberg v. Lustgarten (Com. Pl.) 16 N. Y. Supp. 523, it was held by the general term of the court of common pleas, following the decisions above referred to, that: "Where a tenant holds over, the landlord may treat him either as a trespasser or a tenant. Witt v. Mayor, etc., 6 Rob. (N. Y.) 441; Schuyler v. Smith, 51 N. Y. 315. But such holding over puts the landlord to his election. He must either accept the tenant as a tenant for a new term, or treat him as a trespasser. He cannot do both." See, also, Adams v. City of Cohoes, 127 N. Y. 175, 28 N. E. 25; Haynes v. Aldrich, 133 N. Y. 287, 31 N. E. 94; Herter v. Mullen, 9 App. Div. 593, 41 N. Y. Supp. 708.

We think that the act of the landlords in this case in making a new lease of the premises to another tenant, some 15 days after the appellants had removed, for the period of nearly a year, is conclusive evidence of an election on their part not to treat the appellants as tenants for another year. Their conduct in thus dealing with the premises was utterly inconsistent with the theory upon which this action was brought; for, if they are entitled to recover the month's rent for the month of May, the appellants would certainly be entitled to expect and demand possession of the property for the year ending May 1, 1898, and the respondents would be compelled to claim that they never intended to consider the appellants as their tenants for any such period. It has been well said that no landlord can have two tenants for the same premises at the same time, under conflicting claims. We therefore see no escape from the conclusion that the respondents did not elect to treat the appellants as their tenants after the 1st day of May, 1897; and the latter must therefore be considered as trespassers for the time that they actually occupied the property, and consequently liable only for the damages flowing from that relation. It follows from what has been said that the judgment below was erroneous, and should therefore be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.