### MACKLIN v. McNETTON.

(Supreme Court, Appellate Term. March 5, 1900.)

LANDLORD AND TENANT—HOLD-OVER TENANT—ACTION FOR RENT—JUDGMENT.
    In an action for rent against one claimed to be a hold-over tenant, where the only matter in dispute is whether plaintiff had elected to continue the tenancy, the judgment must be for the amount claimed or nothing, and a judgment for use and occupation is error.

Appeal from municipal court, borough of Manhattan.
Action by Rebecca F. Macklin against Dixon McNetton. From a judgment for plaintiff, she appeals. Reversed.
Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Greene & Stotesbury, for appellant.
Marshall & Rupert, for respondent.

PER CURIAM. The plaintiff claimed to be entitled to recover of defendant $60 for rent, by reason of the fact that defendant, while plaintiff's tenant, held over 17 days past his term, which had been for a year. Defendant, by answer, admitted all the allegations of the complaint, except allegations as to the election to continue the tenancy of defendant and as to nonpayment of rent. The latter is undisputed, as it was admitted by defendant in the evidence. So the only allegation of the complaint which is not admitted is that as to plaintiff's election.

The judgment was in favor of plaintiff upon the merits for $34. According to the opinion of the learned trial justice, this was allowed for use and occupation. The evidence does not warrant the judgment. The defendant was a tenant for a year by reason of the hold-over, or a trespasser. If the former, the judgment should have been for $60 and costs; if the latter, the complaint should have been dismissed upon the merits.

The defendant states that he told plaintiff's agent, prior to the expiration of the term, that, upon certain conditions as to decorating, he "would keep the place on the same terms," and that the agent said "they would see about it." This statement on the part of the agent did not authorize the defendant to remain after the expiration of the term.

It seems that the plaintiff was entitled to the judgment he demanded; that when the demise is for a definite term of one year, at a fixed rent, and the tenant holds over after that term expires, the landlord may treat him as a tenant for another year, and collect rent accordingly. See Herter v. Mullen, 159 N. Y. 33, 53 N. E. 700, 44 L. R. A. 703, and Conway v. Starkweather, 1 Denio, 115. In the latter case it was said that the person holding over "will be a tenant, if the landlord either receives or distrains for rent accruing after the end of the original term."

Judgment reversed, and a new trial ordered in the municipal court in the district in which the action was brought, with costs to abide the event.