## BLEISTIFT v. DIENER et al.

(Supreme Court, Appellate Term.   May 4, 1911.)

1. LANDLORD AND TENANT (§ 114*)—HOLDING OVER AFTER TERM—RIGHTS OF LANDLORD.

Where a tenant under a demise for a year or more holds over after the end of the term without a new agreement with the landlord, the landlord may elect to treat him either as a tenant from year to year, and in all other respects as holding upon the terms of the original lease, or may treat him as a trespasser, but cannot treat him as both.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §. 379; Dec. Dig. § 114.*]

2. LANDLORD AND TENANT (§ 114*)—HOLDING OVER AFTER TERM.

In such a case, where the tenants held over for about half a month, and a few days thereafter the landlord sent a man to their new place of business to demand the keys, which they delivered up, the landlord made a conclusive election not to treat them as tenants under an im-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

plied lease for a year, and at most would be entitled to recover for use and occupation.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 379; Dec. Dig. § 114.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Abraham I. Bleistift against Samuel Diener and others. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

Barnett E. Kopelman, for appellants.

Rosansky & Goldberg (I. Gainsburg, of counsel), for respondent.

LEHMAN, J. [1] Plaintiff has recovered a judgment for rent for the month of May of premises occupied by the defendants. It appears from the plaintiff's testimony that the defendants occupied the premises under a written lease, which expired on May 1st. Thereafter they held over, and used and occupied the premises until about the middle of the month. About May 18th the plaintiff sent a man to defendants' new place of business to demand the keys, and the defendants delivered up the keys.

"The law is well settled that, when a tenant under a demise for a year or more holds over after the end of his term without any new agreement with the landlord, he may be treated as a tenant from year to year, and in all other respects as holding upon the terms of the original lease. The landlord has an election to treat him either as a trespasser or as a tenant, and it is for the former to determine how he will treat him. * * * But such holding over puts the landlord to his election. He must either accept the tenant as a tenant for a new term, or treat him as a trespasser. He cannot do both." Goldberg v. Mittler, 23 Misc. Rep. 116, 50 N. Y. Supp. 733.

[2] In this case it seems to me that when the plaintiff demanded the keys, and received and retained them, he made a conclusive election not to treat the defendants as tenants under an implied lease for a year. At most he is entitled to recover for use and occupation, but he cannot claim that the relation of landlord and tenant continued after May 1st.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.