JOHN HAAS, Respondent, *v.* WILLIAM S. O'CONNELL, Appellant.

Supreme Court, Appellate Term, Second Department, April 7, 1926.

**Landlord and tenant — action for rent — question of fact whether landlord elected to treat holdover as trespasser or tenant — error to direct verdict for plaintiff.**

In an action to recover rent, based on the theory that the defendant is a holdover tenant and that he is liable for rent for the additional term, it was error to direct a verdict in favor of the plaintiff, since the evidence raised the question of fact as to whether or not the plaintiff had elected to treat the defendant as a holdover tenant or as a trespasser.

APPEAL from a judgment of the Municipal Court, Queens, Fifth District, in an action for rent.

*Charles C. Bunker*, for the appellant.

*Arthur Gutman*, for the respondent.

PER CURIAM. Judgment unanimously reversed upon the law and new trial granted, with thirty dollars costs to appellant to abide the event.

The court should not have directed a verdict as there were questions of fact in the case and defendant asked to go to the jury. In truth, the court did not determine any question of fact, saying there was none. A tenant who holds over after a term of a year or more may be treated at the option of the landlord either as holding for another year, or as a trespasser. (*Kennedy* v. *City of New York*, 196 N. Y. 19, 23; *United M. Realty & Imp. Co.* v. *Roth*, 193 id. 570, 576.) But when the landlord has made and indicated his election, it may not be altered. (*Stern & Co.* v. *Avedon & Co., Inc.*, 194 App. Div. 433, 437; affd., 231 N. Y. 546.)

Upon this record we think it was a question of fact whether the landlord had elected to treat the tenant as a trespasser or to hold him liable for a renewal term. (*Bleistift* v. *Diener*, 129 N. Y. Supp. 73; *Goldberg* v. *Mittler*, 23 Misc. 116; *Coleman* v. *Fitzgerald Bros. Brewing Co.*, 29 id. 349; *Matter of Sweeney*, 94 id. 617, 621; *McCabe* v. *Evers*, 9 N. Y. Supp. 541; *Greaton* v. *Smith*, 1 Daly, 380, 386; affd., 33 N. Y. 245; *Smith* v. *Allt*, 4 Abb. N. C. 205, 213–215; *Phipps Estates* v. *Phong*, 214 N. Y. 308. See, also, other cases mentioned in the report filed herein.)

Present, CROPSEY, MACCRATE and LEWIS, JJ.