FRANKLIN-ANDREWS CORPORATION, Respondent, *v.* DAVID DEMATTEIS, Appellant.

Fourth Department, March 27, 1942.

*William B. Rosenberg,* for the appellant.

*Frederick Wiedman,* for the respondent.

PER CURIAM. Plaintiff is the owner of two adjoining vacant lots, Nos. 110 and 114 Chestnut street in the city of Rochester. Each lot has an approximate street frontage of thirty-six feet. Plaintiff, by written instrument, leased lot No. 110 to defendant for use as a parking station for a term commencing November 1, 1939, and ending October 31, 1940, with a provision for renewal for an additional year at an increase in rent, provided thirty days' notice was given by the tenant prior to the expiration date. On November 27, 1939, plaintiff, by written instrument, leased lot No. 114 to defendant, for parking purposes only, for a term beginning January 1, 1940, and ending October 31, 1940. This lease contained no provision for renewal. On February 19, 1940, plaintiff applied to the zoning board of appeals to have both lots rezoned so as to permit their use for a public gasoline station. A street frontage of at least sixty feet was required for such a station. Defendant, at the same time, applied for a permit to sell and store gasoline on the premises in connection with his parking station. He was required to file with his application a plan showing the location of proposed buildings, pumps and gasoline tanks. The plan which he filed showed that two new pumps were to be installed, one on lot No. 110 and the other on lot No. 114. The board granted plaintiff's application for rezoning and defendant obtained his permit. Defendant did not install his gasoline pumps according to the plan but placed both pumps on lot No. 110. On September 30, 1940, defendant notified plaintiff by letter that he elected to renew the lease on lot No. 110 for an additional year, as provided therein, and that he would vacate lot No. 114 at the expiration of the term. Plaintiff answered by a letter stating that defendant had failed to make a timely deposit of $200 required to be made under the lease for lot No. 110 and saying: " We will expect you, therefore, to vacate the premises under both leases on October 31, 1940."

Defendant did vacate lot No. 114 but continued to occupy lot No. 110 and plaintiff continued to accept the rent therefor. In December, 1940, plaintiff brought this action in the City Court of Rochester to recover two months' rent of defendant, alleging that plaintiff leased and rented lot No. 114 to defendant at the monthly rental of sixty-five dollars, payable monthly in advance, which lease began January 1, 1940, and ended October 31, 1940, and that defendant is now and has been holding over and remaining in possession of said premises and using the same since November 1, 1940. The answer was a general denial.

Plaintiff, on the trial, adduced no proof of actual occupation of lot No. 114 by defendant since October 31, 1940. Plaintiff did adduce proof tending to establish that defendant had not surrendered to the city authorities his parking station gasoline permit and had continued to sell gasoline on lot No. 110 and that such sale violated the city ordinance under which the permit for the gasoline station was granted, which ordinance (Rochester Building Code) provides that it shall be unlawful to reduce or diminish the area of a lot or plot, the diagram of which has been filed and has been used as the basis for a permit unless a new or revised plot diagram showing the proposed change in conditions, shall have been filed and approved (§ 4, subd. 6, ¶ c). Plaintiff also relied upon section 1307 of the ordinances which relates to service stations and provides, in substance, that no premises shall be used or occupied for the sale of gasoline unless used for that purpose only or in connection with a building occupied exclusively as a public garage.

The City Court held that, by failing to surrender his permit and by continuing to sell gasoline from lot No. 110 on and after November 1, 1940, defendant was in constructive possession of lot No. 114 and was liable for rent as a tenant holding over after the expiration of his lease. On appeal to the County Court, the judgment was affirmed and the defendant appeals therefrom.

To entitle a landlord to claim an implied lease for another year on account of a tenant's holding over, the possession of the tenant must be an actual possession of the property as against the landlord so that the tenant, by virtue of his possession, would become a trespasser. (*Canfield* v. *Harris & Co.*, 222 App. Div. 326, 328; affd., 248 N. Y. 541.) The act of holding over must be voluntary. (*Herter* v. *Mullen*, 159 N. Y. 28, 34, 35.) Having made its election to accept back the premises at the expiration of the lease, the plaintiff could not thereafter reverse its position and sue for rent, and this is especially so since the plaintiff accepted the rent on lot No. 110 after October thirty-first, when the lease expired on lot No. 114. (*Stern & Co.* v. *Avedon & Co., Inc.*, 194 App. Div. 433,

437; affd., 231 N. Y. 546; *Beeston* v. *Yale*, 75 App. Div. 388, 390; *Stevens* v. *City of New York*, 111 id. 362; *Haas* v. *O'Connell*, 128 Misc. 22.)

The ordinances relied upon by plaintiff do not aid it in this case. The ordinances were designed to protect the public and a violation thereof subjects the offender to a fine or imprisonment, or both, or to a penalty to be recovered by the city in a civil action. Proof of a violation thereof by defendant cannot serve as a basis for a finding that defendant was in possession of, or occupying, lot No. 114. (*City of Rochester* v. *Campbell*, 123 N. Y. 405, 419; *Sheafer* v. *Breen, Inc.*, 263 App. Div. 135.)

The judgments of the County and City Courts should be reversed on the law and facts, with costs, and the complaint dismissed, with costs.

All concur, except CROSBY, P. J., who dissents and votes for affirmance. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and McCURN, JJ.

Judgment of County Court and judgment of City Court reversed on the law and facts, with costs, and complaint dismissed, with costs.