## WOOD *v.* GORDON.

*(Common Pleas of New York City and County, General Term.* March 7, 1892.)

1. LANDLORD AND TENANT—HOLDING OVER—EVIDENCE.

    Tenant, after signing a lease, objected to it on the ground that it failed to provide for a term of 12½ months, as agreed between him and lessor's agent. The agent called his attention to an indorsement on the lease as follows: "Term, twelve and ½ months. Begins September 15, 1889. Terminates Sept. 1st, 1890. Annual rent, $600,"—and remarked, "This is simply an agreement which forces you to keep this flat for not less than one year;" to which the tenant replied that he would keep the possession for a term of 12½ months; and the agent replied, "All right." The lease, in fact, provided for a term of 11½ months. *Held,* insufficient to exempt the tenant from liability for another term by reason of holding over.

2. SAME—SUFFICIENCY OF EXCUSE.

    The understanding in question was not only insufficient to establish a lease for 12½ months, there being no evidence that the agent was authorized to alter the

lease, (which had been signed by the landlord,) but was insufficient as an excuse for holding over beyond the term of 11¼ months. .

**3.** SAME—TERM FOR WHICH TENANT IS LIABLE.

In such case, by holding over, the tenant became liable for the rent of the premises for a further term of 11¼ months.

13 N. Y. Supp. 596, affirmed. .

Appeal from city court, general term.

Action by Henry A. W. Wood against Edward Gordon to recover rent of an apartment in the premises 958 Ninth avenue for the month of October, 1890, upon an implied agreement of living for one year, arising from the tenant's holding over, after the expiration of a previous term, under a written lease, from September 15, 1889, to September 1, 1890. The answer set up a hiring for the term of 12½ months, beginning September 15, 1889, and ending September 30, 1890; occupation until the last-named date, and payment of the rent in full up to that date; also surrender and acceptance pursuant to notice; and, finally, representation by the plaintiff's attorney, who drew the written lease, to the defendant, at the time of the signing thereof, that it was a lease for 12⅓ months; acceptance thereof, occupation, and payment of rent, upon such assurance; and a prayer for judgment modifying the writing so as to express the real agreement of the parties. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF, J.

*James P. Campbell*, for appellant. *Charles De Hart Brower*, for respondent.

DALY, C. J. The plaintiff proved a lease under seal, executed by both parties, by which defendant hired from him the premises in question from September 15, 1889, to September 1, 1890, a period of eleven months and a half; and that defendant remained in occupation of the premises until September 30, 1890; and claimed that, by such holding over, an agreement to hold for a year, until September 6, 1891, upon the terms of the original lease, was implied. This claim was sustained, and a recovery of $50 rent for the month of October, 1890, was allowed; the rent secured by the original lease being $50 a month, payable in advance on the 1st day of the month. The objections of the defendant to this recovery may be summed up as follows: *First*, that evidence was offered by him to show that the original hiring was for twelve and a half months, and did not expire until October 1, 1890, upon which he was not allowed to go to the jury; *second*, that, even if there were a holding over, the question whether it was wrongful or intentional should have been submitted to the jury; *third*, that if, according to the plaintiff's contention, the original letting was for eleven months and a half, a continuance of the tenancy for a year, or for any term, will not be implied.

The defendant did not prove a different hiring from that specified in the sealed lease, and there was nothing to submit to the jury under that defense, or the claim for a modification of the written instrument. Taking his own testimony as true, it merely appeared that he claimed he had agreed with the janitor of the building for a lease for one year from September 15th to September 15th; that when he went to the plaintiff's attorney to sign the lease, which had been prepared, he found it made out to run from August 15, 1889, to September 15, 1890; that he declined to take the premises from August, as he had paid his rent where he was then living to September 15th, and would only take from September 15th to September 15th; that the attorney promised to alter it; that he called on a subsequent day to sign it; that it was then already executed by the plaintiff; that he signed it without looking at it: that, after some conversation as to when the half month's rent was to be paid, he asked the attorney if his term was still twelve and a half months, to which the attorney answered, "Yes;" that he then picked up the lease, and looked at it,

and said it was not so stated there; that the attorney called his attention to the back of the lease, and said it was stated there, (on the lease was indorsed on four separate lines the following: "Term, twelve and ½ months. Begins September 15, 1889. Terminates Sept. 1st, 1890. Annual rent, $600;") that the attorney said to him, "This is simply an agreement which forces you to keep this flat for not less than one year, as Mr. Wood will not let those flats, and has not let them, for less than one year;" that after further conversation defendant said, "Then I will take the lease for twelve months and a half," and the attorney replied, "Yes; that is all right." The plaintiff was not present at either of these interviews. It thus appears that after the defendant had signed the paper, and looked at its contents, and knew what they were, he retained it, relying upon the assurance of the plaintiff's attorney that its legal effect was different from what its plain provisions denoted. This will not relieve him from the contract, clearly expressed in writing, without ambiguity, to which he had put his hand, and which stated that the premises were let to him from September 15, 1889, to September 1, 1890. Even if he had not read the paper, the case would be the same. Having the means at hand of ascertaining what the contract contained, he had no right to rely upon the representations of the agent of the other party as to its contents. *Hill* v. *Railroad Co.*, 73 N. Y. 351. There is no precedent for granting relief to a party for a false affirmation concerning the contents of a written instrument, when that instrument is completely within his reach. *Starr* v. *Bennett*, 5 Hill, 303. If it be claimed that plaintiff's attorney made any different contract than that which had been already signed and sealed by his client and the other party, and delivered to the latter, then no authority in him to do so was shown; much less to make a contract which would have been void as a parol lease for more than a year. There was therefore no contract proved, except that expressed in the written lease, and no basis for a modification of that instrument.

As the time expired September 1, 1890, and defendant remained in the premises until September 30th, there was a holding over. "The law is too well settled that where a tenant holds over after the expiration of his term the law will imply an agreement to hold for a year upon the terms of the prior lease." *Schuyler* v. *Smith*, 51 N. Y. 309. But such holding over must be intentional and wrongful; and the case may, and often does, arise, in which it is a question of fact, upon the evidence, whether the holding over is of that character, and in such a case the case must be submitted to the jury. It was so held where a term expired on the 1st of May, and the tenant had not removed all his machinery, which was very heavy, from the premises, by the 26th of the month, owing to delays caused by a previous fire, and negotiations for a new lease, which were ended by the landlord giving him notice to quit on the 8th of the month, followed by his efforts to do so. *Smith* v. *Alt*, 7 Daly, 492. And where the term expired on May 1st, and the tenant removed before that date, but left a stove and some rubbish on the premises, and the key was not tendered until May 2d, this was held not to constitute a holding over, because excusable and unavoidable under the circumstances of the case. *McCabe* v. *Evers*, (City Ct. N. Y.) 9 N. Y. Supp. 541. And so where the term expired February 2d, and defendant removed on that day all but a desk and safe, which were not removed until the next day. *Manly* v. *Clemmens*, (City Ct. N. Y.) 14 N. Y. Supp. 366. The case before us presents no features showing the holding over to be unintentional or excusable. On the contrary, the defendant remained in possession with the knowledge that, by his written lease, his term expired a month before he chose to leave. It will not do to admit as excuse his assertion of right to so remain under the verbal understanding he claims to have had for a longer term; for this would give him all the advantage he seeks by a denial of his actual contract. His real position in law was that of a trespasser, and it is this tortious holding which gives

the plaintiff the option to treat him as a tenant for another term.    There was
no question to submit to the jury under this defense.

The question remains, for what term does the law imply a continuation of
the original tenancy?    The appellant claims that a renewal upon the original
terms is never implied where the original letting is for less than one year.
The cases in this state, in which the doctrine is announced, all present the
feature of an original letting for one or more years, or at an annual rental;
and in some instances the rule is narrowed in the statement of it, as in *Con-
way* v. *Starkweather*, 1 Denio, 114, (per BRONSON, J.:) "When a tenant un-
der a demise for a year or more holds over after the end of his term without
any new agreement with the landlord, he ·may be treated as a tenant from
year to year, and in all other respects as holding upon the terms of the orig-
inal lease."    In others it is stated more broadly, as in *Abeel* v. *Radcliff*, 15
Johns. 507, (per SPENCER, J.:) "Where a tenant holds over without any new
stipulation between the parties, an implication arises that there is a tacit con-
sent on both sides that the tenant shall hold from year to year at the former
or first rent."    In *Laughran* v. *Smith*, 75 N. Y. 210, the rule is stated by
ANDREWS, J.: "When a tenant enters for a year, and holds over after the
expiration of the term, the law, from the continuance of the possession, im-
plies a contract on the part of the tenant to renew the tenancy for another
year on the terms of the original letting."    In that case, as in all those quoted,
a yearly letting was intended, and actually effected, and the rule is stated
with reference to the facts of the case.    But a like rule prevails in tenancies
for less than a year.    Thus we know that a tenant for a month, holding over,
may be treated as a tenant for another month; and the reason of the rule ap·
plies to a tenancy for any fixed period or term less than a year, and it has
been so held.    "Where the tenant under a lease for less than a year [in this
case eight months] holds over with the landlord's consent,·express or implied,
holding for a term of equal length on the same conditions is presumed."
*Bollenbacker* v. *Fritts*, 98 Ind. 50.    To the same effect are *Prickett* v. *Ritter*,
16 Ill. 96; *Field* v. *Herrick*, 14 Ill. App. 181; *Clapp* v. *Noble*, 84 Ill. 62
*Blumenberg* v. *Myers*, 32 Cal. 93, 96.    In *Hurd* v. *Whitsett*, 4 Colo. 77, it is
said: "Where the term is for a shorter period than a year, according to the
current of authorities, both English and American, the holding over is im·
plied for a like term."    The lease was for less than a year in that case.    And
the same rule was applied in *Bright* v. *McOuat*, 40 Ind. 521, where the lease
was for six months.    And°the general rule is thus stated in the American &
English Encyclopedia of Law, (volume 12, p. 758*q* :) "Where a tenant, with
the consent of the landlord, express or implied, holds over his term, the law
implies a continuation of the original tenancy upon the same terms and con-
ditions."    There seems, therefore, to be sufficient authority, as well as sound
reasons, for holding that the defendant in this case, by wrongfully holding
over, became, at the option of the landlord, (this plaintiff,) a tenant of the
premises for another term of the same length for which the premises were
demised by the original lease, viz., eleven months and a half; and the plain-
tiff, upon the pleadings and proof, was entitled to a direction in his favor.
The complaint sets out a claim for a renewal of one year; but this is a state-
ment of a conclusion, and not of a fact.    The facts pleaded were sufficient to
constitute a cause of action, and the proof sustained the pleading.    The ex-
ceptions to the exclusion of the defendant's testimony as to his transactions
with the plaintiff's attorney present no ground for reversal; for the error to
which they point was subsequently corrected by the admission of his testi-
mony as to all such transactions.    The judgment must be affirmed, with costs.