(18 App. Div. 291.)

### LUGER v. GOERKE.

(Supreme Court, Appellate Division, Second Department. June 15, 1897.)

LANDLORD AND TENANT—HOLDING OVER—CONSENT OF LANDLORD.

> Plaintiff leased premises to defendant for one year ending September 1, 1896, at a rental of $100 per month. In June, 1896, plaintiff called on defendant, who was in arrears for two months' rent. During the interview plaintiff said that he needed money, and proposed that defendant let him have $500, and said, "I will receipt you five months' rent up to October 1st, * * * and I will not bother you until October is gone." Defendant then gave plaintiff a check for that amount, less an agreed deduction, and plaintiff gave a receipt "for rent for May, June, July, August, September, 1896." *Held*, that plaintiff thereby consented that defendant should occupy the premises during September, and therefore his occupation during that month was not a holding over which would continue the tenancy for another year.

Appeal from special term, Kings county.

Action by Charles Luger against Rudolph Goerke for rent. The complaint was dismissed, and plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Herman H. Baker, for appellant.

Daniel P. Hays, for respondent.

WILLARD BARTLETT, J. On August 20, 1895, the plaintiff leased to the defendant a store and basement at 146 Broadway, in the city of Brooklyn, for the term of one year from the 1st day of September, 1895, at the yearly rent of $1,200, to be paid in equal monthly installments of $100. The lease gave the tenant the privilege of a renewal for three years at the same rental. The defendant entered into the occupation of the premises under the lease, and in June, 1896, was somewhat in arrears, when the plaintiff called upon him, and asked him for two months' rent. The interview which followed is thus narrated by the plaintiff:

"I was a little short at the time. I said, 'Make it $500, and I will receipt you five months' rent up to October 1st, and then we can go into the country for the summer, and I will not bother you until October is gone.' I offered to make him an allowance for the advance of ten dollars. He asked me twenty-five, and I finally said, 'I will make it fifteen,' and he gave me a check for $335."

The rent for five months would have been $500, and the balance of $335 was arrived at by deducting the $15 bonus, and a further sum of $150 which the plaintiff owed to the defendant for constructing a show window. Upon receiving the check from the defendant, the plaintiff gave him a receipt for the rent, which was expressed to be "for rent for May, June, July, August, September, 1896." The defendant remained in occupation of the property one month beyond the term specified in the lease,—that is, until noon of October 1,

1896,—when he vacated the store. The present suit for the rent to November 1, 1896, was brought upon the theory that by thus holding over through the month of September the tenant elected to continue his tenancy for another year, or for the renewal term of three years provided for in the lease. The case was tried before a judge without a jury, and he dismissed the complaint upon the merits. His view was that the proof showed the holding over through September to have been with the consent of the landlord, who had accepted the rent for that month, and given his receipt therefor, in June; and that, where the parties anticipate that the tenant will or may hold over, and expressly provide for that event, his continued occupation beyond the original term does not constitute a renewal or extension of the tenancy for another year. Pickett v. Bartlett, 107 N. Y. 277, 14 N. E. 301.

The evidence fully warranted the conclusion that the landlord contemplated the continuation of the tenant's occupancy throughout September. On no other assumption could he have taken the rent for that month. Indeed, the suggestion that the defendant should remain after the year expired appears to have proceeded from the plaintiff himself when he asked for the $500 in June; for that sum represented the rent for five months,—a period which would not terminate until the end of September. The defendant's holding over under such circumstances was in no sense tortious. His situation was merely that of a tenant who, before the expiration of his original lease, had hired the leased property for an additional month, and had paid the rent for it, and had thereby become entitled to occupy it. His continued occupation was thus in pursuance of a contract with his landlord, and was not of a character which gave the latter any option to treat him as otherwise than rightfully in possession. The rule of law which makes a lessee liable for an additional year where he holds over after the expiration of his term is based upon the assumption that the holding over is wrongful, so that the landlord may either treat him as a trespasser or take him as a tenant. Schuyler v. Smith, 51 N. Y. 309; Adams v. City of Cohoes, 127 N. Y. 175, 182, 28 N. E. 25; Wood v. Gordon (Com. Pl.) 18 N. Y. Supp. 109. It has no application where, as in the case of Pickett v. Bartlett, supra, the parties anticipated a holding by the tenant beyond the term, and provided for it by agreement. In the case at bar the parties manifested such an agreement by accepting and paying the September rent in June. At least the trial court was authorized so to find, even if the proof did not demand the conclusion that the holding over was with the landlord's consent. I think the decision is well supported by the evidence, and that the judgment ought to be affirmed. All concur.