### MANLY *v.* CLEMMENS.

#### (*City Court of New York, General Term.* May 8, 1891.)

LANDLORD AND TENANT—HOLDING OVER.

>  Plaintiff leased a room to defendant for a term ending at noon, February 2, 1891. In December preceding plaintiff refused to renew the lease, and advertised the room for rent. Defendant began to remove his goods at 8'clock on the morning of February 2d, and continued without intermission until midnight, having removed all the goods except a safe and desk, which he removed on the following morning. *Held* not such a holding over as would render defendant liable for the month's rent.

Appeal from trial term.

Action by Henry A. Manly against William F. Clemmens. There was a judgment for defendant, and plaintiff appeals.

Argued before EHRLICH, C. P., and FITZSIMONS, J.

*Stickney & Shepard,* for appellant. *Kneeland, Stewart & Epstein,* for respondent.

FITZSIMONS, J. The defendant leased from the plaintiff a loft, being one of several in the same building. It is admitted that the term expired on February 2, 1891, at 12 o'clock noon. It is also admitted that the tenant did not remove from said premises all of his goods until 12 o'clock midnight of that same day, and even left a desk and safe until the following day. The landlord seeks to recover the rent for the month of February, upon the theory that the tenant's failure to vacate said premises at 12 o'clock noon, on February 2d, constituted a holding over, which entitled him to receive the full month's rent. Upon the trial a judgment was rendered in favor of the defendant. The plaintiff claims, upon the admitted fact of holding over after 12 o'clock noon, that a verdict should have been directed in his favor, and for other alleged errors that the judgment should be reversed and a new trial ordered. It appears from the evidence that about December 6, 1890, the plaintiff caused to be placed upon the premises in which the loft in question is, a sign "To let," which was not removed until February 3, 1891, between 2 and 3 o'clock, and, further, that on December 6, 1890, the defendant wrote plaintiff a letter, asking for a new lease, which he declined by a written answer to such letter to give, stating that he desired to rent all the lofts in the building to one person; and subsequently that his agent also declined to make such a lease. It is therefore quite evident that the plaintiff did not desire to have as a tenant the defendant after the expiration of his lease. It is also quite as evident that the defendant did not intend to remain as a tenant, for on the morning of February 2d, as early as 8 o'clock, he commenced to remove his goods, and, with the aid of several assistants, continued to do so, without intermission, until 12 o'clock midnight, when all such goods were removed, except the desk and safe, and the premises vacated. To hold the defendant liable for the rent of February, it must appear that his holding over from midday to midnight was intentional and tortious, and therefore the trial justice was right in his submission of this question to the jury, and their finding in the negative seems to be amply sustained by the evidence. I think the law of this case is correctly stated in *McCabe* v. *Evers,* 9 N. Y. Supp. 541. The evidence of negotiation and conversation between the parties concerning a renewal of the lease we think was material, as tending to show the intention of plaintiff to refuse such renewal, and his desire to have defendant remove upon his expiration of his lease. The rule that a tenant must vacate demised premises at the end of his term must be reasonably construed, and he should only be liable when he holds over intentionally, wrongfully, and for his own benefit. It is frequently quite impossible in this city, owing to limited means of conveyances, and the immense size of business concerns, and the delays and obstacles over which a tenant has no control, to move within a limited period, and he should only be punished where it is evident that he is an intentional wrong-doer. All things considered, we think the verdict appealed from is a just one, and in accordance with the law, and should be affirmed. So ordered.