## RORBACH v. CROSSETT.

*(Supreme Court, General Term, Fifth Department. June 23, 1892.)*

1. TENANCY FROM YEAR TO YEAR—TERMINATION—NOTICE.
   A lessee, who, by holding over after the expiration of his term, has become a tenant from year to year, has a right to quit at the end of any year without previous notice, it being enough that he surrenders the keys and possession.

2. SAME—LEAVING ARTICLES ON PREMISES.
   Where a tenant surrenders the keys, and tells the landlord that he is through with the premises, the leaving of fixtures and worthless articles thereon cannot be construed an intention of retaining possession, or a continuance of the tenancy.

Appeal from circuit court, Livingston county.

Action by John Rorbach against Lloyd W. Crossett for rent. From a judgment for defendant, and from an order denying a motion for a new trial, made on the judge's minutes, plaintiff appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*John Rorbach, in pro. per.,* (*John R. Strang,* of counsel,) for appellant. *Hubbard & Coyne,* for respondent.

MACOMBER, J. This action was brought to recover for one year's rent and interest, claimed to be due from the defendant, a tenant, to the plaintiff, as his landlord. The complaint in substance shows that on or about February 1, 1881, by an instrument in writing, made and executed in duplicate, the plaintiff leased to the defendant certain premises for the term of three years from April 1, 1881; that the defendant entered under said lease April 1, 1881, and from that time, and with the acquiescence of the plaintiff, and without any other lease or agreement, except as hereinafter stated, continued in the possession of said premises until April 1, 1891; and that by reason of such continuance of possession the sum of $400, with interest thereon from April 1, 1891, became due to plaintiff, and for which he demanded judgment. The exception above referred to was a clause in the original lease for an increase of rent upon the happening of a certain event, which really did happen; and on or about March 31, 1887, the plaintiff agreed with the defendant, at his request, to erase said contingent clause, and did so erase it from the written lease, which was thereupon struck out of the duplicate copy of the same. The defendant, in his answer, denies that he continued in the possession of the premises as stated in the complaint, or that he was still in possession thereof on April 1, 1891; or that he was in possession of the same, or any part thereof, after March 31, 1890; that on March 31, 1887, the lease set out in the complaint was renewed for the full term; and that on March 31, 1890, he fully and absolutely vacated said premises, and surrendered the same to the plaintiff; and denies that any rent was due to the plaintiff after March 31, 1890. While the answer does not specifically deny the allegation of the complaint that the lease was originally made in duplicate, still there was some disparity in the testimony of the principal witnesses at the trial in this regard; but, as this question is of small importance in determining the liability of the defendant, there is no injustice to either party in assuming that it was so made; and, assuming that the defendant possessed a copy of the original lease, his claim that the transaction of March 31, 1887, in which the clause above referred to was stricken out, was a renewal of the former lease for the same period, and that consequently his term expired April 1, 1890, is so contrary to the weight of evidence on the trial, and is so absolutely denied by the plaintiff, that in this particular there are not sufficient grounds upon which to up-

hold the defendant's position. The defendant further claims that, whether a tenant for three years under the renewal, or a tenant from year to year, by reason of holding over, still his tenancy expired April 1, 1890, without further notice. This is likewise denied by the learned counsel for the appellant, who in an elaborate brief points out the marked distinction in the determination of a tenancy for years and one from year to year, and gives abundant authorities to prove that, as the rule was anciently held to be the latter, tenancy is terminable by either party upon six months' notice; and that by reason of the defendant holding over he became a tenant from year to year. But he does not rely solely upon the determination of this question in his favor to substantiate his claim, for that doctrine has been repudiated in recent cases, but further alleges that, by reason of having left remaining in the store numerous articles of value, the defendant thereby retained possession of the same.

These two points, namely, the one relating to six months' notice and the other to the tenant's failure to remove his effects from the demised premises, are the only important questions in this appeal. To take them up in the inverse order in which they were propounded, and of their importance, there seems no lack of proof that the goods so left over by the defendant were very nearly worthless. The mere leaving of fixtures and worthless articles on the premises cannot be construed as an intention of retaining possession, or a continuance of the tenancy. The plaintiff, in his testimony, makes a large display of the things left; but the defendant says, by the day upon which he vacated the store he had removed everything of value, and told the plaintiff that he had got through with the store, and tendered him the keys. That the jury were justified in finding for the defendant upon this issue admits of no doubt. Taking into consideration the value of the property left, and the intention on the part of the defendant, as expressed by word of mouth, which was properly submitted to the jury, it is evident that the defendant has complied with all the requirements of the rule that, unless the tenant make a full and absolute surrender, he continues liable for the rent for the ensuing year. *Haynes* v. *Aldrich*, (N. Y. App.) 31 N. E. Rep. 94.

Having disposed of the question of the property remaining upon the premises, and having found that the defendant did all in his power, except to give notice of his intention to vacate the premises, the determination of this appeal is brought down to the question whether any notice was necessary or not, and, if so, what notice, and whether the defendant did all that was necessary to notify his landlord of his intention to vacate the premises. The primary inquiry under this head is, what is the relation between landlord and tenant from year to year in respect to the duration of the term, or the cessation of the tenant's liability to pay rent? When the termination of the lease is fixed and defined, or when the term is for one year, of course no notice to quit is necessary. McAdam, Landl. & Ten. § 107. It has been held that in the case of a lease from month to month, when the tenant held over, and the tenant had vacated the premises at the end of a subsequent month, and given the agent of the landlord notice of the fact, and left the keys with him, the tenant was no longer liable for the rent of the premises. *Ludington* v. *Garlock*, (Sup.) 9 N. Y. Supp. 24. This is precisely analogous to the case before this court in all respects, differing only in the fact that this case involves a tenancy from year to year, instead of from month to month. It has been held that it is not necessary, for the purpose of instituting summary proceedings to recover possession of the premises, for the landlord to give the tenant notice to leave. Inasmuch as the rights and duties of landlord and tenant are reciprocal, it is only just to assume that the converse is true as regards the notice necessary from the tenant to his landlord. *Park* v. *Castle*, 19 How. Pr. 29. Our conclusion therefore is that the tenant in this case had the right to quit the premises at the end of any year after the 31st day of March,

without further notice. In *Reeder* v. *Sayre*, 70 N. Y. 180, the court held that the only object of such a notice, or of a notice in such a case, is to inform the landlord that the relation of landlord and tenant was to cease, in order that the landlord thereafter would be at liberty to repossess the premises, and to lease them to another. If the law requires any notice, it has prescribed no form for it. But it has been shown that on the 29th of March, 1890, defendant went to plaintiff's house "to make plaintiff a tender of the keys and surrender of the property," and in fact he then delivered them. The plaintiff at that time refused to accept the keys, and in the evening of the same day, upon the plaintiff's again refusing to accept them, the defendant left the keys with the plaintiff. This was an unequivocal act, denoting an intention on the part of the tenant to vacate the premises on the expiration of the yearly holding. It follows, therefore, that the judgment and order appealed from should be affirmed. All concur.