(18 Misc. Rep. 556.)

### REGAN v. FOSDICK.

(City Court of New York, General Term. November 30, 1896.)

LANDLORD AND TENANT—HOLDING OVER—LIABILITY.

A tenant is liable for double rent where he holds over after giving notice that he would quit when his lease expired (4 Rev. St. [8th Ed.] p. 2457, § 10), though the delay is caused by sickness, and the board of health forbids his leaving the premises.

Appeal from trial term.

Action by James Regan against William Fosdick to recover double rent for the time that defendant remained in possession of plaintiff's premises after the expiration of his lease. From a judgment on a directed verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before CONLAN, SCHUCHMAN, and O'DWYER, JJ.

Joseph M. Keatinge and A. E. Walradt, for appellant.
William Henry Knox, for respondent.

O'DWYER, J. This is an appeal from a judgment entered upon a verdict directed by the court, and from an order denying a motion for a new trial. On November 1, 1895, the defendant leased from the plaintiff the dwelling No. 65 East 124th street, in this city, for six months ending the 1st day of May, 1896, at a monthly rental of $75, payable in advance. Defendant went into possession, and prior to the termination of the term gave notice of his intention to quit on the 1st of May, 1896. Defendant did not deliver up possession at the expiration of the term, but continued to hold possession for 19 days thereafter, and refused to remove therefrom during that time. At the expiration of the time, and for about 18 days prior thereto, the defendant's child, who was a member of his family, was sick with scarlet fever, and the board of health, through its inspector, issued an order to the defendant that he should not leave the premises until the child was through desquamating, and until the premises were ordered to be fumigated. The defendant quitted the premises on the 19th day of May, the house having been fumigated on the 18th day of May. The action was brought to recover double rent for the time the defendant remained in occupancy after the expiration of the term. 2 Rev. St. (Banks' Ed.) p. 1819, § 10 (8th Ed., p. 2457). When the defendant held over and remained in the occupancy of the property beyond the expiration of the term without the consent of the landlord, the landlord was entitled to recover double the rent provided in the lease for the time the defendant remained in occupancy beyond the term. The question raised upon this appeal was whether this rule of law applied in a case like the present, or where the holding over by the tenant was not voluntary, not for his own convenience, but was by reason practically of a necessity, because he could not help it. The sickness of the child, and the fact that it could not be removed without aggravating the disease, is not open to question on this record. We think the case

of Herter v. Mullen (Sup. Ct., App. Div., 1st Dept.; Nov., 1896) 41 N. Y. Supp. 708, is decisive upon this appeal. It was there held, Rumsey, J., writing the opinion:

"That it would make the landlord, rather than the tenant, suffer by reason of the misfortune of the tenant, which he, and not the landlord, should bear the burden of."

And as was said by Judge Finch in Haynes v. Aldrich, 133 N. Y. 287, 31 N. E. 94:

"It would introduce an uncertainty into a rule whose chief value lies in its certainty. The consequent confusion would be great. Excuses would always be forthcoming, and their sufficiency be subject to the doubtful conclusion of a jury, and no lessor would ever know when he could safely promise possession to a new tenant."

The judgment and order appealed from should be affirmed, with costs. All concur.