(21 App. Div. 16.)

MANHEIM v. SEITZ.

(Supreme Court, Appellate Division, Second Department. October 5, 1897.)

1. LANDLORD AND TENANT—SUBLESSEE HOLDING OVER.
　　If a sublessee of a tenant for a year holds over beyond the term, though without authority, his lessor becomes bound, at the option of the landlord, for another year.

2. SAME—SURRENDER OF LEASE.
　　A declaration by a lessee, pending the term, that he will not be responsible for rent after the term, does not relieve him from liability if his sublessee does in fact hold over.

3. APPEAL FROM JUSTICE—JUDGMENT.
　　Under Code Civ. Proc. § 3063, on appeal from a justice's court the county court may affirm or reverse in whole or in part, and in Kings county may, upon reversal, order a new trial; but it cannot, on reversing a judgment for one party, direct an affirmative judgment for damages in favor of the other.

Appeal from Kings county court.

Action by Julius Manheim against Michael Seitz. From a judgment of the county court reversing the judgment of a justice court and awarding damages, defendant appeals. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

J. J. Bennett, for appellant.

Thomas F. Magner, for respondent.

BRADLEY, J. The action was brought in the justice's court to recover rent for March, 1894, of certain premises in the city of Brooklyn, which, by lease under seal, had been rented by the plaintiff to the defendant for a term ending on the 1st day of that month, at the yearly rent of $900, payable monthly in advance. The defendant sublet the premises to one Dupell, who occupied them as a dwelling and liquor store, and purchased his beer of the defendant. The rent was paid up to the 1st day of March, the end of the term. The payments were generally made by Dupell. When he failed to pay, the defendant paid the rent. The latter was called upon to pay the rent for the last month of the term, because Dupell had failed to pay it; and the defendant then, referring to the fact of the ending of the term, stated to the person who made the collection that he would not be responsible for anything thereafter. Dupell remained in possession of the premises until about the 1st of May.

Without some new agreement having the effect to relieve the defendant from the consequence of his sublessee, Dupell, holding over the term, he, at the option of the plaintiff, became liable as lessee for another year. Schuyler v. Smith, 51 N. Y. 309; Laughran v. Smith, 75 N. Y. 205; Haynes v. Aldrich, 133 N. Y. 287, 31 N. E. 94; Herter v. Mullen, 9 App. Div. 593, 41 N. Y. Supp. 708.

The declaration of the defendant that he would not be responsible for rent thereafter did not operate as a surrender or abandonment of the premises by him, inasmuch as his subtenant remained in possession beyond the term. Nor did the circumstance of the interview between the plaintiff and Dupell, as testified to by the latter, show the equivalent of a surrender of the premises by the defendant to the plaintiff at the end of the term, by the creation of any new or independent relation between the plaintiff and Dupell in respect to them. And we think that the view of the county court, that there was no evidence to warrant the conclusion of a surrender of the premises to the plaintiff at the end of the term, was correct. Laughran v. Smith, supra. The county court not only reversed the judgment of the justice, but also directed judgment for $75 and interest in favor of the plaintiff. This it was not in the power of the county court to do. Code Civ. Proc. § 3063; Ludlum v. Couch, 10 App. Div. 603, 42 N. Y. Supp. 370; Hewitt v. Ballard, 16 App. Div. 466, 44 N. Y. Supp. 935. But as the appeal was to the county court of Kings county, that court might have ordered a new trial before the same or another justice of the county. Code, § 3063. The case was properly one for such direction.

The judgment of the county court should be so modified as to strike out the recovery, reverse the judgment of the justice, and order a new trial before the same or another justice of the county, with costs of the appeal to the county court to the plaintiff, to abide the event, and without costs of this appeal to either party. All concur.