### VOSBURGH v. CORN.

(Supreme Court, Appellate Division, Second Department. December 28, 1897.)

1. LANDLORD AND TENANT—HOLDING OVER BY LESSEE.

Where a lessee, who has permitted a third party to occupy the demised premises, allows all the occupant's property to remain there after the expiration of the term in the same condition as before the term expired, this fact, considered by itself, constitutes, as matter of law, a holding over by the lessee.

2. SAME—RIGHTS OF LANDLORD.

In such a case it becomes optional with the landlord to hold the lessee liable for a further term, or to treat him as a trespasser, unless he has released him from liability, to accomplish which a new agreement is required.

Appeal from trial term.

Action by Myndert A. Vosburgh against Henry Corn. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BRADLEY, BARTLETT, and HATCH, JJ.

George Hahn, for appellant.
Ezekiel Fixman, for respondent.

HATCH, J. The action is to recover the rent of certain premises based upon a holding over after the expiration of the term. The defense was a denial of the relation of landlord and tenant between the parties, and an affirmative claim that the letting was to the defendant and certain named associates conducting business, as an incorporated concern, under the name of the Deming Automatic Safety Electric Systems for Railways. For a further defense, the defendant averred a surrender by the defendant of the premises, and an acceptance of such surrender by the plaintiff. The verdict has established that the defendant rented the premises individually, and the evidence justified that finding.

The only question, therefore, which requires consideration, relates to the surrender of the premises. It is without dispute that, after the term had expired, the property of the association continued to remain upon the demised premises. The court ruled, as matter of law, that such occupation constituted a holding over. In this respect we think that the ruling was correct. The evidence established that all of the property of the association was permitted to remain upon the leased premises in the same condition as before the expiration of the term, and the conclusion, therefore, was that the occupation remained the same as before. This constituted a holding over, within the clear meaning of the law. There is a class of cases which holds that the question of whether there has been a holding over by a tenant may become a question of fact. This question has arisen in cases where there was a clear intent to surrender possession, accompanied by negotiations to that end, and the removal of the great bulk of the property from the premises. Frost v. Iron Co., 1 App. Div. 449, 37 N. Y. Supp. 374; Power Co. v. Halsted, 5 App. Div. 124, 39 N. Y. Supp. 43. In the first of the above cases the evidence would have warranted a finding that there was an actual surrender of the premises by the tenant, and that what happened thereafter was by an arrangement between the parties. The court held that the case presented a question for the jury, and that it was error to direct a verdict. The second case is in principle the same, and its ruling was based upon the first. We do not question but that a case of holding over may be so doubtful that determination of it may not be made as matter of law, as where the tenant has left upon the premises fixtures and small articles of little value which he intends to abandon, or where the removal of the property has been practically accomplished. Such are the cases of Rorbach v. Crossett (Sup.) 19 N. Y. Supp. 450, where the property left was fixtures and worthless articles, and the keys were surrendered and accepted by the landlord; McCabe v. Evers (City Ct. N. Y.) 9 N. Y. Supp. 541, where a stove and some rubbish were left, and the keys were tendered the day following the expiration of the lease; Manly v. Clemmens (City Ct. N. Y.) 14 N. Y. Supp. 366, where the landlord refused to renew the lease, and the tenant began moving out, and continued to midnight of that day, when he had removed everything except a desk and safe, which he removed the next day. Some of these cases are reviewed in Haynes v. Aldrich, 133 N. Y. 287, 31 N. E. 94. The holding in that case was that

where the tenant and property had not been removed at the expiration of the term, but notice had been given that a surrender would be made, and the removal was accomplished on the fourth day after the termination of the lease, it constituted a holding over, although a person was then sick in the house, and could not be safely removed earlier. While the court in that case does not deny that cases may exist of so doubtful a character that the court may not answer the question, yet such rule has no application where there is in fact a holding over; even though it may have been involuntary upon the part of the tenant, and beyond his power to avoid. In the present case, from all that appears, it was as much the duty of the defendant to remove the property as it was the duty of any of his associates. Indeed, as to the plaintiff, the sole duty rested upon him; and, if he desired to make a surrender under his lease, it became incumbent upon him to see that the property was removed and the premises vacated on the expiration of the term. It became optional with the plaintiff, when no removal was had, to treat the defendant as holding over or as a trespasser, unless the plaintiff released him from liability as a tenant. In order to accomplish this result, a new agreement was required. Manheim v. Seitz, 21 App. Div. 16, 47 N. Y. Supp. 282.

It is claimed that the evidence warranted such a finding, and that the defendant was entitled to have such question submitted by the court to the jury. The declaration of the defendant that he would no longer be responsible for the rent after the 1st of May would not work any change in his liability, whether the declaration was oral or in writing, or both. We so held in the Manheim Case. It must be borne in mind that the conventional relation of landlord and tenant existed between the parties, and that the occupation of the association was the occupation of the defendant. In order, therefore, that a release from such relation should be worked, the evidence must have established that there was a surrender by the defendant of the term which he held, and a consequent release from liability.

It is with this relation in view that we are to examine the charge. The court was asked to charge that if the defendant notified the plaintiff before the expiration of the term that he would be under no further responsibility for the rent after the 1st of May, and that the plaintiff agreed or assented to this, the defendant would not be liable. The court refused to charge as requested, and the defendant excepted. This request and refusal are to be considered in connection with what the court did charge upon this subject. At the request of the defendant, the court charged that the defendant could not be made liable unless he continued to occupy the premises after the 1st of May; and, further, that if, prior to or on the 1st of May, the premises were surrendered, and plaintiff accepted such surrender, and took possession, there could be no liability. We think the charge as a whole was as favorable to the defendant as he was entitled to. Liability was finally made to rest upon the ground that the continued occupation must have been that of the defendant. This liability would not have been at all affected by an agreement

that defendant was to be released upon the 1st of May, if thereafter he continued to occupy the premises, as the law would imply from such occupation a new agreement to pay. The jury, under the submission, were authorized to find that there was a surrender of the term, and that the defendant did not continue to occupy and hold over. This was all that the defendant was entitled to have submitted under the evidence, and was the entire defense upon this subject which he averred in his pleading. The jury answered both questions adversely to the defendant's contention, and thereby established his liability.

The judgment should be affirmed, with costs. All concur.