### SCHWARZLER v. McCLENAHAN et al.

(Supreme Court, Appellate Division, Second Department. March 7, 1899.)

1. LEASES—SUBLETTING—HOLDING OVER.
> Where neither of the parties to a lease treats a subletting as changing their status, a holding over the term by the subtenant continues their relation of landlord and tenant on the original terms.

2. PLEADING—EVIDENCE.
> Defendant, under the general denial, in an action to recover a certain sum of money for certain items, is entitled to show payment of certain of the items.

Appeal from trial term, New York county.

Action by August F. Schwarzler against James McClenahan and others, executors of David Stevenson, deceased. From a judgment for plaintiff, and an order denying a motion for new trial, defendants appeal. Transferred from First to Second department. Modified.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and WOODWARD, JJ.

William G. McCrea, for appellants.
William King Hall, for respondent.

HATCH, J. The plaintiff's assignor held a lease of certain premises situated on Eleventh avenue, in the borough of Manhattan, for

the term of three years from May 1, 1889. By its terms, this lease expired on April 30, 1892. There was also testimony in the case tending to establish that the plaintiff's assignor was the owner of the building upon the property, and the rent reserved in the lease was for ground rent. Prior to the expiration of the term, plaintiff's assignor sublet the premises at a rental of $480 a year, but reserved no right of re-entry thereunder. After the last lease the title to the premises changed hands, and the defendants' testator became the owner. Rent was collected by the testator and by the defendants from the subtenant at the rent reserved in the original lease, and the difference between that sum and the increased rental was collected by plaintiff's assignor. Subsequently this method was changed, and the defendants collected the whole of the rent, and paid over to the plaintiff's assignor, from time to time, the difference. Upon the expiration of the leasehold term, the evidence tends to establish, and the jury were authorized to find, that no change took place in the relation of these parties, but the defendants continued to collect the rent as before, and to pay over the same to the plaintiff's assignor thereafter. Although the evidence was conflicting, the jury were authorized to find that no notice of the termination of the lease was given by the defendants to the plaintiff or his assignor; the only change being in 1894, when the rent collected of the subtenant was at the rate of $35 a month, instead of $40, and he obligated himself to do some repairs. The defendants continued to pay rent until about January 1, 1894, when they refused to pay over any more; and this action is brought to recover for the difference between the ground rent and that paid by the subtenants for 1894 and 1895.

It is true that, where a lessee parts with his whole term, it will ordinarily be regarded, as to his landlord, as constituting an assignment of his estate therein, and operates as a surrender of the premises for the term demised. Stewart v. Railroad Co., 102 N. Y. 601, 8 N. E. 200. This establishes the relation of the parties as a rule of law where nothing else intervenes, but it can have no application to a case where neither party regards the subletting as having changed the status of the parties; and if the parties thereafter treat the relation as still continuing, and the subtenant continues to hold over the term, it continues the relation of landlord and tenant upon the original terms. Manheim v. Seitz, 21 App. Div. 16, 47 N. Y. Supp. 282; Vosburgh v. Corn, 23 App. Div. 147, 48 N. Y. Supp. 598. It is clearly evident, therefore, upon the testimony in this case, that the court was authorized to submit, and the jury to find, that there was a holding over,—in fact, that was admitted,—and to find that the plaintiff's assignor was regarded as the lessee under his lease. If, therefore, any rent had been collected by the defendants from the subtenant, they were bound to account to the lessee or his assignee. The testimony is somewhat confusing as to just the amount that was collected, and the amount which had not been paid over. The court, in its charge to the jury, stated the amount that had been collected, and the amount which the plaintiff was entitled to deduct, which left a balance of $198, which the court charged the plaintiff was en-

titled to recover, if anything. No question was raised by eithez·· party as to the correctness of the court's figures. The defendants,. although excepting to that part of the charge, simply raised the ques-- tion as to two checks for which they claimed to be entitled to credit,. and which had not been credited to them, for the reason that their· answer contained no plea of payment. So that in the disposition of this case we are to regard the balance which the plaintiff was en- titled to recover as the sum of $198 and interest, if the court was- correct in holding that the defendants could not avail themselves of two checks,—one under date of November 13, 1893, for $51, and one· under date of December 26, 1893, for $26. We are, however, of opin- ion that the court committed an error in not allowing the amount of these two checks. The action is brought to recover a sum of money, and, in order to entitle the plaintiff to recover, it was incumbent up- on him to establish the amount; and the defendants, under a general denial, had the right to show any facts which tended to defeat plain- tiff's recovery, either in whole or in part. The testimony which es- tablished the payment of the two items was drawn out upon cross- examination, and the receipt of the checks was admitted by plain- tiff's assignor. Consequently this testimony went to destroy in part his right to recover. The evidence was proper under the general denial, and the defendants should have had the benefit of the same. Sprinkler Co. v. Andrews, 55 N. Y. Supp. 1020 (opinion by Cullen, J., not yet officially reported). The defendants therefore become en- titled to have this sum deducted. With this deduction, the judgment should be affirmed, without costs of this appeal to either party. All concur.