(29 Misc. Rep. 349.)

## COLEMAN v. FITZGERALD BROS. BREWING CO.

(Supreme Court, Appellate Term.   October 25, 1899.)

LANDLORD AND TENANT— HOLDING OVER BY SUBTENANT — RE-RENTING BY LANDLORD.

Where a subtenant of a part of leased premises holds over after the expiration of the lessee's term and the vacation of the balance of the demised premises by the lessee, and the landlord afterwards rents the entire premises to another tenant for a new term, such re-renting constitutes an election to hold the subtenant holding over as a trespasser and not a tenant, and the landlord cannot afterwards hold the first lessee liable for rent as a tenant holding over.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Patrick Coleman against the Fitzgerald Bros. Brewing Company.   From a judgment in favor of plaintiff, defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Lyman W. Redington, for appellant.
Morris Kamber, for respondent.

LEVENTRITT, J.   This action is brought to enforce the payment of rent against the defendant corporation on the theory that it became a hold over on the expiration of a demise for a definite term. On May 1, 1895, the plaintiff, by a written indenture, leased to the defendant's predecessor in interest the premises in question for a term of three years.   In accordance with the provisions of the lease, a portion of the premises were sublet.   A few days before the end of the term the defendant notified the plaintiff of its intention to move, and accordingly did so on the 1st day of May, 1898.   The subtenant, however, remained in possession of his portion of the building for several weeks after that date.   On the 1st day of June, 1898, the plaintiff relet the entire premises for a new term to a different tenant.   Thereupon this suit was instituted to recover the rent for the month of May, 1898.   The plaintiff had judgment below.

We have stated the facts as justified by the findings in favor of the plaintiff.   On these facts, however, the judgment, as a matter of law, should have been for the defendant.   It is no longer the subject of dispute in this state that where, under a demise for a definite term at a fixed rent, the tenant holds over after the expiration of that term, the landlord may treat him either as a trespasser or as a tenant, according to the condition of the lease.   Conway v. Starkweather, 1 Denio, 113; Laughran v. Smith, 75 N. Y. 205; Adams v. City of Cohoes, 127 N. Y. 182, 28 N. E. 25.   The rigidity of this rule, although made to bend in exceptional or peculiar instances (Herter v. Mullen, 159 N. Y. 28, 53 N. E. 700), is not relaxed by the facts disclosed in this case.   Here the defendant became liable for the holding over of the subtenant, and the latter's acts entitled the plaintiff to an election whether he would regard the defendant as a trespasser, or hold him liable as a tenant.   Manheim v. Seitz, 21

App. Div. 16, 47 N. Y. Supp. 282; Haynes v. Aldrich, 133 N. Y. 287, 31 N. E. 94. And, the term of the lease being for three years, the hold-over tenancy would be for one year. Schuyler v. Smith, 51 N. Y. 309. Such being the law, the immediate question for determination is, did the plaintiff elect to hold the defendant liable as a tenant of the entire premises because of the holding over of the subtenant? He claims that he did. The reletting at the end of one month to a different tenant, for a new term, destroys that contention. To accept it would lead to the inconsistent position of holding that after electing to treat the defendant as tenant for another year, and recovering rent from it on that basis, the plaintiff could relet the same premises for the same period, less one month, to a different tenant. This court has but recently passed on the question here involved. Goldberg v. Mittler, 23 Misc. Rep. 116, 50 N. Y. Supp. 733. In that case the tenants held over for several days, and the landlords about two weeks later let the premises to a new tenant for a period of nearly a year. The court held that the making of the new lease was conclusive evidence of an election on the part of the landlords not to treat the original tenants as tenants for another year. "Their conduct in thus dealing with the premises was utterly inconsistent with the theory on which this action is brought; for, if they are entitled to recover the month's rent for the month of May, the appellants would certainly be entitled to expect and demand possession of the property for the year ending May 1, 1898, and the respondents would be compelled to claim that they never intended to consider the appellants as their tenants for any such period. It has been well said that no landlord can have two tenants for the same premises at the same time, under conflicting claims." The judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.