MORGENTHAU et al. v. BEATON.

(Supreme Court, Appellate Term.  May 19, 1904.)

1. LANDLORD AND TENANT—LEASE—HOLDING OVER.
    Where defendant leased an apartment for a particular term, and permitted his stepmother to occupy the premises, defendant paying the rent until after the expiration of the lease, the holding over by the occupant was equivalent to a holding over by defendant, rendering him liable as a tenant for a new term equal to that of the original lease.

2. SAME—FINDINGS—CONFLICTING EVIDENCE—APPEAL.
    A finding by the trial judge on a question of fact based on conflicting evidence will not be reversed on appeal.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Gustave L. Morgenthau and another against George A. Beaton.  From a Municipal Court judgment in favor of plaintiffs, defendant appeals.  Affirmed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Choate, Hanford & Laroque, for appellant.
Jesse W. Ehrich, for respondents.

PER CURIAM. The defendant leased an apartment by a written lease beginning October 1, 1902, and ending August 1, 1903, at a monthly rental of $80. The stepmother of the defendant occupied the premises, the defendant regularly paying the rent therefor until November 1, 1903, the lease having expired August 1, 1903. This action was brought to recover for the months of November and December, 1903, the plaintiffs claiming that the tenant, by holding over after the expiration of the original lease, became a tenant for a new term equal to that of the original lease. The occupation of the demised premises by the defendant's stepmother, under the circumstances shown by the testimony in this case, must be deemed to be that of the defendant, and a holding over by her is equivalent to a holding over by him. Haynes v. Aldrich, 133 N. Y. 287, 31 N. E. 94, 28 Am. St. Rep. 636; Schwarzler v. McClenahan, 38 App. Div. 525, 56 N. Y. Supp. 611; Coleman v. Fitzgerald Bros., 29 Misc. Rep. 349, 60 N. Y. Supp. 460. The tenant sought to evade the legal effect of such holding over by showing that, at or about the time of the expiration of the written lease, the landlords and defendant's subtenant agreed that the tenancy should thereafter be deemed a tenancy from month to month. This was a question of fact, and the trial judge decided this question in favor of the plaintiffs upon conflicting evidence, and his decision thereon seems to be well supported by the testimony. The judgment in favor of the plaintiffs must therefore be affirmed.

Judgment affirmed, with costs.