## MAGNER v. BARRETT.

(Supreme Court, Appellate Division, Second Department. June 17, 1910.)

1. LANDLORD AND TENANT (§ 231*)—EXPIRATION OF LEASE—HOLDING OVER—EVIDENCE.

In an action for rent, evidence *held* to warrant a finding that defendant had held over and remained in possession of the premises after the expiration of its written lease, so as to become liable for a new term at the election of the landlord.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 231.*]

2. LANDLORD AND TENANT (§ 90*)—HOLDING OVER—EVIDENCE.

Neither the fact that some items of personal property were left by the tenant on rented premises, nor that the key was not delivered to the landlord, was conclusive evidence of a holding over after the termination of the lease; but such facts, in connection with evidence that there was practically no change in the manner of defendant's possession for a period of several months after the lease terminated, and that the tenant did not act with promptness when notified of the holding over, was sufficient to constitute a new term.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 90.*]

3. LANDLORD AND TENANT (§ 109*)—SURRENDER—ACCEPTANCE—LEASE TO ANOTHER.

A landlord letting the premises to a new tenant, under an agreement with the old tenant that the leasing was on its behalf, does not constitute an acceptance of the latter's surrender of the premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 109.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Thomas F. Magner against William M. Barrett, as president of the Adams Express Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, BURR, RICH, and CARR, JJ.

Arthur W. Clement (Charles Burlingham, on the brief), for appellant.

Thomas F. Magner, in pro per.

WOODWARD, J. The plaintiff has judgment against the defendant in an action to recover rent for the months of October, November, and December, 1909, for the ground floor of premises at 148 Lee avenue, Brooklyn, on the ground that the defendant had held over and remained in possession of said premises after the expiration of its written lease. The defendant appeals.

The defendant urges that it did not hold over, and that it is not liable to the plaintiff for rent; but we are of the opinion that the evidence presented made the question a mixed one of law and fact, and that it cannot be said as a matter of law that the defendant did not hold over and become liable for the rent. It is true, of course, that the defendant told the plaintiff in May or June that it would not require the premises after its lease expired in October, and asked to be released from the lease on the payment of $100; but this request was not granted, and the defendant remained in possession, without

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

any material change in conditions as they had prevailed for several months, until the 23d day of October, and we are persuaded the evidence was sufficient to establish a holding over. Neither the fact that some items of personal property were left upon the premises, nor that the key was not delivered to the plaintiff, is conclusive evidence of a holding over; but these facts, in connection with the facts, which were brought out in the evidence, showing that there was practically no change in the manner of the defendant's possession for a period of several months, and that the defendant did not act with promptness, even when it was notified of the holding over, shows a disregard of the plaintiff's right, which justified holding that the defendant had become liable for the new term at the election of the plaintiff.

The suggestion that the plaintiff has accepted the surrender of the premises by leasing them to a third party without the defendant's acquiescence is met by the fact that it is in evidence that the defendant agreed to such a leasing on its behalf, and by the further fact that it does not appear that the plaintiff has leased the premises.

The judgment appealed from should be affirmed, with costs. All concur.