## BROOME-CLINTON CO. v. WOLTZER.

(Supreme Court, Appellate Term, First Department. December 18, 1913.)

1. LANDLORD AND TENANT (§ 90*)—TERMINATION OF TENANCY—CONTINUANCE OF OCCUPANCY.

Whether the mere leaving of property in the premises by a tenant upon removal is a continuance of his occupancy is usually a question of fact, in determining which the value of the goods as compared to the amount of the rent is material.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 284–289; Dec. Dig. § 90.*]

2. STIPULATIONS (§ 18*)—EFFECT.

A stipulation by defendant's attorney, in an action for rent, in which the landlord claimed that the tenant's occupancy was continued after removal by leaving certain "douche pans" on the premises, "If they find 100 douche pans in the place, I am willing to have judgment entered against my client," if not set aside, would support a judgment for plaintiff, where over 135 pans were found.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 41–54; Dec. Dig. § 18.*]

Whitaker, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Broome-Clinton Company against Samuel Woltzer. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Joseph Krinsky, of New York City, for appellant.
Myron S. Yochelson, of New York City, for respondent.

LEHMAN, J. The plaintiff has recovered a judgment for the sum of $40 for four months' rent of a cellar at the rate of $10 a month. The defendant had moved from the premises before the beginning of the four months, and the only theory upon which the plaintiff can recover is that the defendant had left in the premises certain property, and that the presence of this property in the premises continued the defendant's occupancy. It is claimed that this property was only rubbish abandoned by the defendant, and certainly the only property that could possibly be considered to constitute anything but rubbish, which defendant intended to abandon, was a pile of about 150 douche pans, which, it is testified, had been rendered valueless by water some two years before.

[1] The question of whether the mere leaving of property upon removal constitutes a continuance of the occupancy is usually one of fact. In considering this question of fact, it seems to me that not only the value of the goods left must be considered, but the ratio of that value to the amount of the rent of the premises is material. While the testimony produced here that 150 douche pans were left would in my opinion not justify a holding of continued occupancy of valuable premises, it might be sufficient to show continued oc-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cupancy of a cellar rented at $10 per month, particularly as it appears, that these douche pans had not been removed as rubbish during a period of two years after the time they had been spoiled by water.

[2] However, whatever the rule might ordinarily be, it seems to me undoubtedly sufficient in this case, because the defendant's attorney stipulated, apparently in the presence of the defendant, that:

"If they find 100 douche pans in the place, I am willing to have judgment entered against my client for the full amount."

Pursuant to that stipulation, the case was adjourned, and over 135 douche pans were found in the premises. While the stipulation was perhaps foolish, it represents at least a concession that the presence of 100 douche pans would constitute sufficient evidence to justify a judgment on the facts against his client. If the attorney had at the trial attempted to withdraw this stipulation and concession, I would be willing to agree that the defendant should be relieved of it; but no motion to that effect was made, and I am unwilling to concede that an appellate court has power to disregard on appeal a stipulation or concession against which the party asked no relief at the trial.

In my opinion, judgment should be affirmed, with costs.

PAGE, J., concurs.

WHITAKER, J. (dissenting). This action was brought to recover $40 for four months' rent of a basement in the premises 443 East Ninth street, New York City, the months being May, June, July, and August, 1913. The defendant was a monthly tenant. He went into possession in April, and moved out in May. The basement was vacant during all the months the rent for which action is brought. The only basis for the action is that defendant left some old douche pans in the basement. Just what they were the evidence does not disclose. One witness says they were rubbish. Defendant swears he told the landlord he was going to move in May. The key was surrendered to the janitor, and the landlord entered the premises and did some repairs. Defendant never went into the premises after he quit them.

The defendant's attorney offered to allow judgment if, upon examination, 100 douche pans were found in the premises. Thereafter 100 were found there. It is upon this stipulation that plaintiff obtained and rests his judgment. The douche pans found there were of no value. The plaintiff's witness, recalled, testified upon cross-examination that the floor of the cellar was clean; that defendant left the keys in May; that the place was closed by plaintiff's janitor; that the week before the janitress of plaintiff cleaned out the whole cellar, and put one douche pan upon the other and closed the basement. From the record it appears that the douche pans were valueless and took up very little space.

From the facts established, I do not think the plaintiff was entitled to recover. There is not sufficient evidence to establish a bona fide claim for rent. The plaintiff's witness' own testimony indicates that

he knew the defendant had surrendered the premises. It bases its claim for rent upon the ground that some rubbish or useless material was left in the premises. The defendant should not be bound by the foolish stipulation of his attorney, when there appears no direct authority for making it; at any rate, under the circumstances, I think he should be relieved from it.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.