D. & C. SCHWARTZ, INC., Appellant, v. JACOB DE JONG, Doing Business under the Trade Name of THE NEW YORK FLOWER AND FEATHER COMPANY, Respondent.

(Supreme Court, Appellate Term, First Department, February, 1918.)

Lease — expiration of — holding over — landlord and tenant — trial — evidence.

Any intentional occupancy of leased premises by the tenant in derogation of his landlord's right of possession and use constitutes, as matter of law, a trespass or a renewal of the lease for another year by holding over, at the election of the landlord, and this rule applies where a tenant's holding over is wrongful or voluntary and not unavoidable in the strictest sense.

A lease of premises in the city of New York expired on February 1, 1917, and the tenant about six P. M. on that day gave the keys of the premises to an employee of the landlord. In an action to recover the rent for January, 1917, concededly due, and for the month of February, 1917, which plaintiff claimed on the theory that defendant held over after the expiration of the term and that plaintiff had elected to consider the holding over as a renewal of the lease for another year, the only issue litigated was whether plaintiff was entitled to recover the February rent, and though the evidence was conflicting as to whether defendant occupied the premises after February 1, 1917, there was testimony from which the jury might properly have found that there was no intentional occupancy after that date. On affirming a judgment in favor of plaintiff for the January rent only, *held,* that defendant had all the day of February first in which to move.

That whether defendant occupied the premises after said date was a question of fact for the jury and whether defendant intended that such occupancy should constitute a holding over and a renewal of his lease for another year was immaterial.

That the condition of the premises at the expiration of the lease was immaterial and no error was committed by the exclusion of testimony offered by plaintiff of such condition at that time.

Where the court had correctly charged the jury that, if the defendant occupied the premises and retained them as against the will of plaintiff after February first, plaintiff could recover the rent for that month, but that if they believed that defendant abandoned the premises, notwithstanding there was some litter left there after February first, plaintiff could not recover said rent, a request of plaintiff for a further charge that would have operated to confuse the jury as to what would constitute occupancy was properly refused.

. Bijur, J., dissents.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, second district, in its favor upon the first cause of action, and from an amended judgment in so far as said amended judgment directs that defendant have judgment against the plaintiff on the merits as to the second cause of action and awards costs to the defendant; also from an order denying plaintiff's motion to set aside judgment and for a new trial, the plaintiff also bringing up for review the order directing the entry of said amended judgment.

Jerome, Rand & Kresel (Harland B. Tibbetts and Louis D. Schwartz, of counsel), for appellant.

House, Grossman & Vorhaus (Charles Goldzier, of counsel), for respondent.

GUY, J. The defendant was a tenant of the plaintiff, under a lease in writing, which, by its terms, as extended by two supplementary memoranda, expired on February 1, 1917. The action is brought to recover rent for the months of January (concededly due) and February, 1917. The latter item is claimed on the theory that the defendant held over after the expiration of the lease and that plaintiff has elected to consider the holding over a renewal for another year. The only issue litigated was whether the plaintiff was

entitled to the rent for February, 1917. The jury returned a verdict for the plaintiff for certain water charged (also conceded) and for the rent of January only.

The tenant's term ended February 1, 1917, and, as the special custom regarding tenancies in New York city expiring at noon May first was inapplicable, the tenant had all of the day of February first within which to remove. *Frost* v. *Akron Iron Co.*, 1 App. Div. 449, 453. It follows that the condition of the demised premises on February first was immaterial, so that no error was committed in excluding evidence offered by plaintiff of such condition on that day, and in refusing to charge that the fact that defendant remained in possession until six P. M. of February 1, 1917, entitled plaintiff to a recovery for the February rent.

Defendant's witnesses testified that some months before January, 1917, defendant notified plaintiff of its intention to move, and in December began to remove its effects from the demised premises, and that about six o'clock in the afternoon of February 1, 1917, defendant gave the keys of the premises to an employee of the plaintiff, an engineer.

Plaintiff's witnesses testified that on February second, the day after the termination of the lease, there still remained upon the premises a large quantity of property belonging to defendant consisting of wooden cases, tables, step ladders, letter files, a half-dozen chairs, dye mixing machines and a large number of boxes containing materials, in addition to a pile of rubbish sixteen by eight feet in size, and that many of these things were removed by defendant's employees on and after February second. Defendant's witness testified that practically all of said articles were removed on or before February first, and that nothing was left there after February first but some rubbish

and articles of little value which had been abandoned. On this disputed evidence the question of defendant's occupancy of the premises after February first was a question of fact for the jury. It is immaterial whether defendant intended that such occupancy should constitute a hold-over and a renewal of his lease for another year. As matter of law, any intentional occupancy of plaintiff's premises, in derogation of plaintiff's right of possession and use, constituted a trespass or a renewal of the lease for another year by holding over, at the election of the plaintiff. Where a holding-over is wrongful or voluntary, and not unavoidable, in the strictest sense, the rule must be permitted to have full application. *Herter* v. *Mullen,* 159 N. Y. 28, 35; *Ketcham* v. *Ochs,* 34 Misc. Rep. 470; *Magner* v. *Barrett,* 139 App. Div. 172; *Ernst* v. *Holzner,* 130 N. Y. Supp. 442. But there was evidence from which the jury might properly find that there was no intentional occupancy by defendant after February first. It was not error, therefore, for the learned trial judge to refuse to charge plaintiff's request "that to entitle plaintiff to a verdict it need not be shown that the holding-over by the defendant was a voluntary act on his part; that no matter what the intention of the defendant was, whether he intended to vacate or not, if as a matter of fact the jury were satisfied that he remained in possession of the premises after February 1, 1917, they must find a verdict for the plaintiff; that neither the amount of the defendant's property which remained in the premises after February first, nor the value thereof, was decisive of the defendant's liability for the rent, and if the jury were satisfied that the defendant did continue in possession of the premises after February 1, 1917, they must find a verdict for the plaintiff, no matter what the quantity or the value of the defendant's property that remained on the premises

after that date.'' The court had already correctly charged the jury that, if defendant occupied the premises and retained them as against the will of the landlord after February first, plaintiff could recover the February rent; but if they believed the defendant abandoned the premises, notwithstanding there was some litter left there after February first, plaintiff could not recover rent for February. To charge further, as requested, would have operated to confuse the jury as to what would constitute occupancy by the defendant, and the court properly refused the request.

The judgment should be affirmed, with twenty-five dollars costs.

PHILBIN, J., concurs; BIJUR, J., dissents.

Judgment affirmed, with costs.