JENNIE L. CANFIELD, Respondent, v. ELMER E. HARRIS & COMPANY, Appellant.

Fourth Department, December 30, 1927.

Landlord and tenant — holdover tenant — action to recover rent on theory that defendant held over after expiration of term — property rented was and had been used for gasoline service station — defendant abandoned property prior to but paid rent until termination of lease — defendant, through oversight, left two gasoline pumps on premises which were removed after expiration of lease — error to hold as matter of law that act of defendant in leaving property upon premises made it holdover tenant.

The defendant leased a gasoline service station, but several months before the termination of the lease it abandoned the property. When defendant quit the premises it left thereon two storage tanks which were embedded in the ground, a grease rack, and two gasoline pumps, both of which were bolted on concrete foundations. The defendant tried to have the lease canceled upon the payment of a portion of the rent, but was unsuccessful, and continued to pay rent until the termination of the lease. The grease rack and storage tanks were of no value except where situated and ordinarily are left on the premises. The defendant, through an oversight, left the two gasoline pumps, which it removed after the termination of the lease. The plaintiff seeks to hold the defendant as a holdover tenant for another year and brings this action to recover three months' rent.

It was error for the court to hold, as a matter of law, that the act of the defendant in leaving certain of its property on the premises after the expiration of the lease constituted the defendant a holdover tenant.

A covenant in the lease to surrender the premises in the same condition as they were in at the commencement of the term has no bearing on the question presented in this case.

CLARK and SAWYER, JJ., dissent.

APPEAL by the defendant from a judgment of the County Court of the county of Erie, entered in the office of the clerk of said county on the 10th day of November, 1927, and also from an order entered in said clerk's office on the same day.

*Bull, Roberts & Hart* [*Henry Adsit Bull* of counsel], for the appellant.

*H. B. Butterfield,* for the respondent.

HUBBS, P. J. On October 27, 1921, the defendant, a domestic corporation, entered into a lease with Rollin E. Wells whereby said Wells rented to the defendant premises in the city of Tonawanda for a gasoline service station for the period of five years from November 1, 1921. The defendant entered into possession of the premises and continued to use the same for a gasoline service station until the fall of 1925, when it ceased to occupy the premises for that purpose. The premises in question had a frontage on Delaware avenue of 70 feet and were 132 feet deep. They had been used previously for a gasoline service station and there was a small building used for that purpose thereon. When the defendant ceased to use the premises for business purposes it removed the supplies customarily kept for sale and other personal property. It left on the premises, however, an automobile greasing rack used in greasing automobiles, two 1,000-gallon tanks which were buried under ground, also two gasoline pumps which were bolted on concrete foundations. In May or June, 1926, after the defendant had vacated the premises, it offered to pay to the agent of the plaintiff three months' rent in a lump sum to be released from liability upon the lease. The president of the defendant testified that in July, 1926, " The station had all appearances of having been closed for some time. The windows were broken, the doors were open, and the gasoline pumps were in very poor condition." He also testified that by oversight two gasoline pumps were left there until after October 31, 1926, the time when the lease expired according to its terms. They were removed during the month of November. He also testified that it was customary to remove pumps but to leave the tanks in the ground and the defendant followed that custom. The grease rack and tanks were of little value, situate as they were. It would cost about as much to remove them as they were worth, but they would be of value to any one

desiring to use the premises for a gasoline station. It also appears that some improvements were made by the lessee upon the building.

On July 1, 1925, Rollin E. Wells, the lessor, sold and transferred the said premises to the plaintiff, and also assigned to her the said lease. The defendant paid the rent according to the terms of the lease until October 31, 1926, when, according to its terms, it expired. At that time the defendant had left on the premises the two gasoline pumps, two gasoline tanks under ground and the wooden platform used for greasing automobiles. Thereafter the gasoline pumps which were left by mistake were removed.

The plaintiff elected to treat the defendant as a tenant holding. over and this action was brought to recover three months' rent. At the close of the evidence the learned county judge directed a verdict in favor of the plaintiff and the defendant has appealed.

There is no question about the right of a landlord to treat a tenant who holds over after the expiration of a definite term for a year or years as a tenant for another year. (*Schuyler* v. *Smith*, 51 N. Y. 309; *Kennedy* v. *City of New York*, 196 id. 19.)

Not every holding over by a tenant for years gives the landlord the right to elect to treat the one holding over as a tenant for another year. (*Herter* v. *Mullen*, 159 N. Y. 28.)

In order to give the landlord such right there must be an actual retention of possession of the premises by the tenant. " To entitle a landlord to claim an implied lease for another year on account of a tenant's holding over, the possession of the tenant must be an actual possession of the property as against the landlord, so that the tenant would by virtue of his possession become a trespasser." (*Myers* v. *Beakes Dairy Co.*, 132 App. Div. 710.) Merely leaving property on the leased premises after the expiration of the lease may or may not entitle the landlord to treat the tenant as one holding over, and liable for another year's rent. In *Broome-Clinton Co.* v. *Woltzer* (144 N. Y. Supp. 768) Mr. Justice Lehman wrote: " The question of whether the mere leaving of property upon removal constitutes a continuance of the occupancy is usually one of fact. In considering this question of fact, it seems to me that not only the value of the goods left must be considered, but the ratio of that value to the amount of the rent of the premises is material."

There can be no doubt that there may be cases where the mere leaving of property on the premises after the expiration of the lease would constitute a holding over and retention of possession of the premises as a matter of law. If a tenant for a definite period of a year or years in possession of a store should leave his entire stock and fixtures in the building after the expiration of the lease,

that fact would doubtless require a court to hold as a matter of law that he retained actual possession of the premises, and, at the election of the landlord, could be treated as a tenant for another year. (*Haynes* v. *Aldrich*, 133 N. Y. 287.) There are also cases where it has been held as a matter of law that the mere leaving of a small amount of personal property of little value upon the leased premises after the expiration of the lease did not entitle the landlord to treat the tenant as one in actual possession after the expiration of the lease and liable for rent for another year. In the case of *Gibbons* v. *Dayton* (4 Hun, 451) it was said: " The rooms were excessively dirty; but the litter and filth, and worthless fragments and articles which tenants are often accustomed to leave behind them, have never been held to constitute a continuance of the tenancy. The landlord's remedy, if any, for such an injury is quite different from treating the tenancy as renewed by the omission to carry everything away whether valuable or not." (See, also, *Trustees of L. & W. Orphan House* v. *Hoyle*, 79 Misc. 301.)

Not all cases, however, can be decided as a matter of law. The question of whether the mere leaving by the tenant of property upon the leased premises after the expiration of the lease makes him liable at the election of the landlord, for another year's rent, is usually a question of fact, to be determined by taking into consideration the nature of the property leased; the amount paid as rent, the value of the real property, the value of the personal property left on the leased premises, the intent with which it was left, and all the other facts and circumstances surrounding the transaction. (*Broome-Clinton Co.* v. *Woltzer, supra; Magner* v. *Barrett*, 139 App. Div. 172; *United Merchants Realty & Improvement Co.* v. *N. Y. Hippodrome*, 133 id. 582; *Excelsior Steam Power Co.* v. *Halsted*, 5 id. 124; *Frost* v. *Akron Iron Co.*, 1 id. 449; *Manly* v. *Clemmens*, 14 N. Y. Supp. 366; *McCabe* v. *Evers*, 9 id. 541; *Myers* v. *Beakes Dairy Co., supra; Gibbons* v. *Dayton, supra; Vosburgh* v. *Corn*, 23 App. Div. 147.)

In this case a verdict was directed in favor of the plaintiff. The appellant is entitled, therefore, to the most favorable construction of the testimony and all inferences which may be legitimately drawn therefrom. It had ceased to occupy the premises for business purposes long prior to the expiration of the lease. The premises were vacant, window lights in the building had been broken and the doors were open. The defendant had tried to terminate the lease by agreement upon the payment of a lump sum.

Under the circumstances of this case the question of whether the defendant became liable to pay rent for another year because it left the property referred to upon the premises after the expiration

of the lease presented a question of fact which should have been submitted to the jury.

The covenant in the lease to surrender the premises in the same condition as in at the commencement of the term has no bearing upon the question. If the plaintiff suffered damage by the violation of that covenant she has a remedy. (*Gibbons* v. *Dayton, supra.*)

The judgment and order should be reversed upon the law and a new trial granted, with costs to the appellant to abide the event.

All concur, except CLARK and SAWYER, JJ., who dissent. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event.