In a proceeding to fix the emergency rent for commercial or business space, allegedly occupied by appellant Soeony-Vaeuum Oil Company, Incorporated, as tenant, after the expiration of a lease providing for graduated rentals, and by respondents as undertenants, Socony-Vacuum Oil Company, Incorporated, appeals from an order dismissing the proceeding as to the undertenants and fixing the emergency rental to be paid by it for the commercial and business space set forth therein; and appeals also from the denial of its motion to dismiss the proceeding as to it, from the denial of its motion for leave to serve a cross petition upon the undertenants, and from a denial of its motion for reargument of the motions to dismiss the proceeding. Petitioner appeals from so much of the order as dismissed the proceeding as to the undertenants. Prior to the expiration of its lease, tenant-appellant advised petitioner that it was surrendering the premises as of the expiration date thereof. The premises were occupied by respondent subtenants, two of whom had gone into possession under subr leases executed before the passage of the emergency Commercial and Business: Rent Laws (L. 1945, ch. 3, § 1 et seq., as amd.; L. 1945. ch. 314, § 1 et seq., as amd.), and one under a sublease made thereafter. The subtenants haying *895 refused to vacate, claiming they were statutory tenants, the tenant has been held responsible for the emergency rent. On appeal by Socony-Vacuum Oil Company, Incorporated, order, insofar as it fixes the emergency rental to be paid by said appellant, reversed on the law and the facts, with costs, payable by petitioner, and the petition as to it dismissed on the law, without costs. In our opinion, under the circumstances disclosed the emergency rent control laws do not impose an obligation for rent upon a tenant who has surrendered the premises, although subtenants remain in possession thereof. (Cf. Hall Realty Co. v. V. A. C. Gorp., 275 App. Div. 213, affd. 301 B. Y. 526; Stern V. Equitable Trust Co., 238 B. Y. 267; Hart. v. Interborough News Co., 277 App. Div. 97 [1st Dept.], decided June 6, 1950.) We agree with the finding below that tenant-appellant was not in physical possession of any portion of the premises, although one of the subtenants, in the operation of a gasoline service station, continued to use certain equipment belonging to tenant-appellant, such as pumps and tanks, with such appellant’s permission. (Cf. Can-field v. Harris & Co. 222 App. Div. 326, affd. 248 B. Y. 541.) On appeal by petitioner, order, insofar as it dismisses the petition as against the undertenants, reversed on the law and the facts, without costs, and a new trial granted, with leave to petitioner to serve an amended petition for the determination of reasonable rent as provided by section 4 of the Commercial and Business Bent Laws, if it be so advised. Petitioner should not be required to institute a new proceeding for the fixation of reasonable rent against the statutory tenants in possession at this time, over a year and one half after the proceeding was commenced. Appeal by tenant-appellant from that portion of the order which dismissed the proceeding as to the undertenants, and from the denials of its motions to dismiss the proceeding, for leave to serve a cross petition, and for reargument, dismissed, without costs. Bolán, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.